WINDER BROTHERS v. R. S. STERLING ET AL., STATE HIGHWAY
COMMISSIONERS.

No. 5064.   Decided January 9, 1929.   March 13, 1929.
(12 S. W., 2d Series, 127; 14 S. W., 2d Series, 802.)

*Harris & Harris,* for relator.

The Statute under which the funds are withheld is void because is is vague and indefinite in its terms, and does not require parties claiming an indebtedness against a contractor to fix their lien within a given time, but permits the commission to hold the funds indefinitely when a statement is filed claiming that the Contractor is indebted to them, and requires no proof of verity of the claim, and is therefore in effect, taking one's property without due process of law, violative of the 14th Amendment of the Constitution of the United States, and of section 19, of Constitution of Texas. Armstrong v. Traylor, 87 Texas, 598.

Said Statute is in conflict with Section 50 of the Bill of Rights of the State of Texas, in that it lends the credit of the State in aid of and to persons, associations and corporations contrary to the provisions of Section 50 of said Bill of Rights..

The claims upon which the funds are withheld are not such claims as are within the contemplation of the Statute.

*Claude Pollard,* Attorney-General, and *Paul D. Page, Jr.,* Assistant, for respondents.

MR. JUDGE NICKELS delivered the opinion of the Commission of Appeals, Section A.

1. Henry Winder and J. D. Winder (composing the firm of Winder Brothers) were allowed to file their petition in mandamus against Sterling, Johnson and Ely, respondents, qualified and acting members of the State Highway Commission.

In November, 1925, a contract was made by relators, on the one hand, and the State of Texas, acting through its Highway Commission, etc., on the other, whereunder relators undertook certain highway construction in Austin County (giving the statutory bond) and the State became obligated to pay compensation stipulated. The "work" was "accepted" in October, 1927, and all compensation paid except $624.88,—warrants for which were withheld (and are now withheld) account of things to be stated.

February 23, 1925 (Gen. Laws, Thirty-ninth Leg., Reg. Sess., 1923, p. 44), it was enacted:

"Sec. 1. That any person, firm or corporation, or trust estate, furnishing material, apparatus, fixtures, machinery or labor to any contractor for any public improvements in this State, shall have a lien on the moneys, or bonds, or warrants, due or to become due to such contractors for such improvements; provided, such person, firm, corporation, or stock association, shall before payment is made to such contractor, notify in writing the officials of the State, county, town or municipality whose duty it is to pay such contractor of his claim.

"Sec. 2. That no public official, when so notified in writing, shall pay all of said moneys, bonds, or warrants, due said contractor, but shall retain enough of said moneys, bonds or warrants to pay said claim, in case it is established by judgment in a court of competent jurisdiction."

Prior to acceptance of the work, notice of claims was filed with the Highway Commission by the Commissioners' Court of Austin County for and in behalf of "Road District No. 4" thereof and by "Fisher's Market" of Belleville, respectively. Items stated in the account of Austin County, or the road district, are:

| | |
|---|---:|
| 5 Wheelers furnished and not returned at $100.00 per wheeler | $500.00 |
| 1254 lbs. reinforcing steel at 0.0285 per pound | 35.74 |
| One concrete-mixer rented at $5.00 per day, one day | 5.00 |
| Repair on mixer | 12.00 |
| Expense of returning mixer | 5.00 |

The account of "Fisher's Market," in the sum of $64.17, is for "meats" furnished. The claims were filed,—notice thereof given,—and warrant for the aggregate amount thereof ($624.88) has been and is withheld under purported authority of the statute quoted. The parties at interest and to the case have assumed (and we there-

fore assume for instant purposes) compliance with the statute in matters of form and as to the place of filing notices.

Judgment requiring respondents to procure and deliver warrant or warrants covering the amount withheld is now sought upon charges made and to be severally noticed.

2. The statute operates denial of process of law (Sec. 19, Art. I, Constitution) it is said, in two particulars.

(a) It "undertakes to direct public officials whose duty it is to pay contractors * * * money due them" upon "simple unverified unitemized declarations" to withhold payment for a period of "indefinite" (maybe, "permanent") duration since there is no requirement made as to time within which a claim must be reduced to judgment. We pass, for the nonce, whatever differentiation is to be made as between legislative conditioning of disbursement of public moneys, on the one hand, and legislative regulation, etc., of private affairs, on the other, and indulge in favor of relators' assumption of ground for strictest application of the indispensable requisite of due process. But even when that is done, answer to the instant complaint immediately projects itself in this wise: "The laws which subsist at the time and place of the making of the contract and where it is to be performed" (saving present immaterial exceptions in respect to judicial remedies, etc.) "enter into and form a part of it, as if they were expressly referred to or incorporated in its terms" (Smith v. Elliott & Deats, 39 Texas, 201; Kerr v. Galloway, 94 Texas, 641, 646, 64 S. W., 860; McCracken v. Hayward, 2 How., 612, 11 L. Ed., 397; Cook v. Moffat, 5 How., 315, 12 L. Ed., 169; West River Bridge v. Dix, 6 How., 540, 12 L. Ed., 548). Winder Brothers' contract, in effect, included agreement to the things named in the statute. Entry into the arrangement, with its evidential words thus expanded, was voluntary; in consequence, whatever delay in payment there has been or will be (even of "indefinite" extent) is consensual rather than a burden placed *in invitum*. *Ibid.* Interstate Consolidated Street Ry. Co. v. Massachusetts, 207 U. S., 79; International & G. N. Ry. Co. v. Anderson County, 246 U. S., 424, 433.

(b) The language of the statute includes fatal obscurity,—is the second claim.

As we interpret the statute, the "notice in writing" provided for in the last clause of Section 1 and referred to in Section 2 is a "notice" inclusive of declarations appropriate to showing that the charges in the account arose in "furnishing material, apparatus, fixtures, machinery or labor" for which a lien is named in the first clause of

Section 1. Hence, the urgence that the claimant is not required to show that his account "is for material furnished or labor done in the furtherance of the work" is without just basis.

The provision for withholding money, warrants, etc., for payment of a claim as and when reduced to judgment, with lack of requirement for judgment within any given time, it is said, renders the statute indefinite. To this is added a charge of arbitrariness in forcing the contractor to await the pleasure of the claimant in respect to time of judgment. The statute, however, but names a contingency upon whose occurrence in an appropriate case moneys, etc., become due and payable to the contractor and for which, as noted, the parties to the contract (by reference and imputation) stipulate. Besides, no reason is apparent for precluding adjudication of the claim or its invalidity on move of the contractor, if he becomes dissatisfied with procrastination of the claimant.

3. Another contention, as stated by counsel for relators, is that the Bill of Rights, Section 50, declares "The Legislature shall have no power to give or lend, or to authorize the giving or lending of the credit of the State in aid of, or to any person, association or corporation, whether municipal or otherwise * * *" and, contrarily, the statute works a giving or lending of the State's credit.

Naming the subjects of liens and the conditions for their registration and enforcement is a familiar legislative power. We are given no reference to precedents (and we know of none) against inclusion of public moneys and securities of the legislating Sovereign (as and when payable or deliverable to contractors, etc.) within the subject-matter of liens declared for materialmen, mechanics, etc. And when the lien (in this statute provided) attaches, the property to which it attaches is the property of the contracting debtor and not of the State or municipality,—the latter being debtor of that debtor or bailee, etc. Perforce, there is no contempt of the letter or spirit of Section 50, Article III, of the Constitution to which we assume counsel intended to refer.

4. It cannot be said as a matter of law that all of the articles listed in the accounts, or either of them, were not furnished as "material, apparatus, fixtures, machinery," etc., within terms of the statute. Relators' contrary insistence at most presents questions of fact (see Brogan v. National Surety Co., 246 U. S., 257, 261, 38 Sup. Ct., 250, 62 L. Ed., 703, L. R. A., 1918D, 776, and cases there cited; United States Fid. & Guaranty Co. v. Henderson County, Tex. Civil App., 253 S. W., 835, S. C., Tex. Comm. App., 276 S. W., 203;

B. F. & C. M. Davis Co. v. W. E. Callaghan Const. Co., Tex. Comm. App., 298 S. W., 273) of which jurisdiction is lacking.

5. "Road District No. 4" of Austin County may be a "body corporate," etc. (Sec. 52, Art. III, Constitution; Arts. 746, 748, R. S., 1925) or the description may signify merely an administrative device of Austin County itself. In the one event, the claim was filed by an entity of that name and in the other event it was in legal effect filed in behalf of Austin County,—in either event it was filed by a "person" or "corporation." No reason is apparent for excluding a road district or a County, as claimant, from benefits of the statute, and we hold they and each of them are within its protection.

If "Fisher's Market" be not a "firm or corporation," etc., its status rests in facts not disclosed and is non-justiciable in this proceeding (the claimant not being a party) even with disclosure of facts.

In consequence, it cannot be ruled, as prayed, that the claimants are beyond operation of the statute.

6. Accordingly, we recommend that the relief prayed be denied.

The opinion of the Commission of Appeals is adopted and mandamus refused.

*C. M. Cureton,* Chief Justice.

### ON MOTION FOR REHEARING.

MR. JUDGE NICKELS: Relators in their motion for rehearing complain that we did not pass "upon applicant's contention that the statute * * * is violative of the Constitution of the United States, as amended by the Fifteenth Amendment thereto." We assume that counsel intended to refer to the due process clause of the Fourteenth Amendment. Be that as it may, no reference to the Federal Constitution is made in the petition in mandamus.

But if the contention were made, the results stated in our original opinion for denying the claim of lack of due process required in the State Constitution would cause us to make a like holding in respect to due process under the Federal Constitution.

The other matters presented in the motion for rehearing were considered by us originally and upon reconsideration we adhere to the views then expressed.