## FAIRBANKS, MORSE & CO. v. TEXAS POWER & LIGHT CO.

Circuit Court of Appeals, Fifth Circuit.
May 6, 1929.

Rehearing Denied June 20, 1929.

No. 5516.

694

Allen Wight, of Dallas, Tex., B. B. Stone and B. L. Agerton, both of Fort Worth, Tex., and Carroll J. Lord, of Chicago, Ill. (Bryan, Stone, Wade & Agerton, of Fort Worth, Tex., Ashcraft & Ashcraft, of Chicago, Ill., and Touchstone, Wight, Gormley & Price, of Dallas, Tex., on the brief), for appellant.

Joe A. Worsham, of Dallas, Tex. (Beall, Worsham, Rollins, Burford & Ryburn, of Dallas, Tex., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. Appellee, the Texas Power & Light Company, a Texas corporation, obtained an interlocutory injunction against appellant, Fairbanks, Morse & Co., an Illinois corporation, in the district court of Hunt county, Tex. The parties will be hereafter referred to as plaintiff and defendant respectively. The order, in general terms, restrained defendant from in any way interfering with plaintiff in the performance of its contracts to supply electric power and energy to the city of Commerce and private consumers of electricity in said city; from inducing any private parties to make contracts with the city of Commerce for electric power and energy; and from doing the same acts with regard to any other city or town in the state of Texas. The suit was removed to the United States District Court for the Northern District of Texas, and thereafter a motion to dissolve the injunction was overruled, and from that order this appeal follows, under the provisions of section 129, Judicial Code (28 USCA § 227).

The hearing was on bill and answer. Plaintiff argues that the answer is not properly verified because not under the seal of the corporation. The answer shows the usual form of verification, by an agent charged in the bill as being guilty of the acts complained of, and is sufficient. The objection is frivolous. Gerlach-Barklow Co. v. Morris & Bendien (C. C. A.) 23 F. (2d) 159. We must give full effect to the denials of the answer. Reynolds v. Crawfordsville First Nat. Bank, 112 U. S. 405, 5 S. Ct. 213, 28 L. Ed. 733; U. S. v. Trans-Missouri Freight Ass'n, 166 U. S. 290, 17 S. Ct. 540, 41 L. Ed. 1007.

The pleadings are so voluminous that it would be impossible to briefly state them. The material issues presented are these: Plaintiff has a franchise, which is not exclusive, to generate, sell, and distribute electric current in Texas, and has contracts with the city of Commerce and various other towns and cities in Texas, and with various private consumers of electric current in said cities and towns, and has erected generation plants and distribution systems for the purpose of fulfilling said contracts. The defendant is not engaged in generating and selling electric current, but manufactures and installs plants for that purpose. It has entered into a contract with the city of Commerce to supply it with a plant for the generation and distribution of electric current, for the price of $104,000, has begun the erection of the plant, and has expended about $65,000 in so doing. This contract binds the defendant to accept payment out of the net revenues to be derived by the city for six years from the sale of electric power and energy to its inhabitants. Some of its agents have assisted the city in soliciting and securing contracts from the citizens of Commerce to patronize the municipal plant when erected. It is alleged by plaintiff that this contract and the contracts with the private parties have been induced by false and fraudulent statements on the part of defendant to the effect that

plaintiff's contract with the city is invalid and that its rates are exorbitant, and that defendant has induced said parties to violate their contracts with plaintiff. Defendant denies any fraud or false statements in procuring the contract, and alleges that instead of soliciting the contracts for the erection of plants, the initial inquiries came from the city of Commerce and other Texas towns. Defendant also denies that it has induced, or attempted to induce, any of plaintiff's customers to violate their contracts, and alleges that said contracts may be lawfully terminated before the municipal plant could be erected and put in operation.

Plaintiff relies on a number of cases holding that an action for an injunction will lie against one who maliciously interferes with another's business by inducing parties with whom he has valid contracts to violate and breach them. This may be conceded as a general proposition, and it is unnecessary to set out or review the authorities cited. However, no case is cited which holds that a person may not exercise his legal rights because another is thereby damaged.

The contract of plaintiff with the city of Commerce is to supply it with electric current for the purpose of operating its waterworks and street lighting system. It fixes the rates for the service and contains the provision that the contract shall continue, unless terminated as provided therein, until June 30, 1930, and thereafter, until canceled by either party upon giving 30 days' notice in writing. The commercial contracts are for all the requirements of the customers for one year, with no guaranty as to the maintenance of rates. They also provide for continuance thereafter from year to year unless terminated by either party on written notice not less than 30 days before the expiration of the yearly period. The domestic contracts differ, in that they contain no agreement for the amount of current to be supplied and no provision for the term they are to remain in force. They also contain the provision for termination by either party on 30 days' notice in writing.

■ Under the laws of Texas cities and towns are given authority to build and operate light and water systems. Article 1111, Complete Tex. St. 1928. This is a right that cannot be contracted away. Article 1, § 17, Texas Const.; City of Brenham v. Brenham Water Co., 67 Tex. 542, 4 S. W. 143. It follows that, regardless of its contract with plaintiff, the city of Commerce had the right to erect its own electric light plant at any time the proper officers should see fit to do so. We are not concerned with the question of actionable damages in this regard. It is immaterial whether the defendant approached the city with the suggestion of building a plant, or whether the inquiry came initially from the city. In either event the defendant had the legal right to enter into negotiations with the city for the erection of an electric light and power plant.

■ It is not shown that any of the commercial contracts had terminated, but as they are for terms of only a year it is reasonable to suppose that as to all, or nearly all, of them the time would have arrived when it was optional for either party to cancel them on 30 days' notice before the municipal plant could be put in operation. As to the domestic contracts it is evident the contracts could be canceled at any time on giving the 30 days' notice provided for. There could be no doubt that the defendant would be within its legal rights in soliciting these customers to enter into contracts with the city on the lawful termination of their contracts with plaintiff.

We conclude that, so far as the record before us discloses, defendant was acting legally and within its rights in entering into a contract with the city of Commerce for the erection of an electric power plant and distribution system and then soliciting private parties to become customers of that plant when their contracts with the plaintiff were lawfully terminated. These conclusions are supported by the following authorities and others unnecessary to cite: Walker v. Cronin, 107 Mass. 555, McGuire v. Gerstley, 204 U. S. 489, 27 S. Ct. 332, 51 L. Ed. 581, American Steel Foundries v. Tri-City Trades Council, 257 U. S. 184, 42 S. Ct. 72, 66 L. Ed. 189, 27 A. L. R. 360.

Reversed and remanded, with instructions to recall and set aside the preliminary injunction and for such other proceedings as may be necessary, not inconsistent with this opinion.