### WEST TEXAS UTILITIES CO. v. CITY OF SPUR et al.
### No. 5546.

Circuit Court of Appeals, Fifth Circuit.
March 7, 1930.

Ellis Douthit, of Abilene, Tex., Chas. E. Coombes and H. G. Andrews, both of Stamford, Tex., W. D. Girand, of Lubbock, Tex., and Charles L. Black, of Austin, Tex. (Coombes & Andrews, of Stamford, Tex., Wagstaff, Harwell, Wagstaff & Douthit, of Abilene, Tex., W. D. Girand, of Lubbock, Tex., and Black & Graves, of Austin, Tex., on the brief), for appellant.

W. D. Wilson, of Spur, Tex., B. L. Agerton, of Fort Worth, Tex., Carroll J. Lord, of Chicago, Ill., and J. W. Gormley, of Dallas, Tex. (W. D. Wilson, of Spur, Tex., Ashcraft & Ashcraft and C. J. Lord, all of Chicago, Ill., Touchstone, Wight, Gormley & Price and J. W. Gormley, all of Dallas, Tex., and Bryan, Stone, Wade & Agerton, B. B. Stone, and B. L. Agerton, all of Fort Worth, Tex., on the brief), for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge.

On the 25th day of October, 1928, the city of Spur, a Texas municipal corporation, which we shall call the city, by its board of commissioners, adopted an ordinance which provided "that it shall be unlawful for any firm, corporation, or persons, to conduct and to operate any public utility plant, such as telephone, gas, waterworks, electric light, or any other utility plant, without a franchise from the City of Spur, Texas, duly passed by the Board of Commissioners of the City of Spur, Texas."

That ordinance prescribed penalties for violations of it. On and prior to that date appellant owned and operated an electric light plant in the city, using streets and alleys of the city for its poles and wires. Prior to that date the city had entered into a contract with Fairbanks Morse & Co., for the erection of an electric light plant, to be owned by the city and used for furnishing light to the city and to its inhabitants. On the 31st day of October, 1928, the appellant filed the original bill in this cause against the appellees, the city, its governing officials, and Fairbanks Morse & Co. The averments of that bill showed that appellant has no franchise from the city passed by its board of commissioners, but that it claimed that it had a franchise entitling it to operate the public utility which it was engaged in operating. The right to such a franchise was claimed on the ground that appellant succeeded to the rights reserved by the former owner of the land comprising the city, a town site corporation which caused that land to be surveyed and platted into blocks, lots, streets, and alleys for the purpose of creating a new town, and dedicated the land shown in the plat as streets and alleys by an instrument which by its terms reserved to the grantor or its assigns "the 'right to construct, erect and maintain telephone and electric light poles in and upon, across and over any and all streets in the town of Spur, with the right to make all necessary excavations, dig all necessary holes and do all things necessary to construct, maintain, operate and repair a system of electric lights, or a system of telephone in said town of Spur, upon,

over and across any and all streets and alleys of said town should it at any time desire to do so.'" The right to such a franchise was claimed on the additional ground that for many years the city acquiesced in the operation by appellant and its predecessors in title of an electric light plant in the city and in the use of streets and alleys of the city for the posts and transmission lines of such plant. The bill contained allegations as to interference by appellees, in the interest of the municipal light plant contracted for, with contracts between appellant and its customers in the city. The bill contained prayers for a temporary and a permanent injunction restraining the enforcement of the above-mentioned ordinance, and for an injunction restraining appellee from interfering with contracts between appellant and its customers in the city.

Upon the filing of the bill, the court issued a temporary injunction against the enforcement of the above-mentioned ordinance. While the suit was pending, the above-mentioned ordinance was repealed, and on November 28, 1928, the city, by its board of commissioners, adopted an ordinance containing the following provisions, which were accompanied by other provisions prescribing penalties for violations of the ordinance:

"Section One. Hereafter no posts, poles or towers built or erected for the purpose of bearing wires or upon which wires are placed or to be placed, used in connection with any telegraph, electric light, telephone, radio or like purpose, shall be erected, placed, kept or maintained upon any street, alley, thoroughfare or any other public place, within the corporate limits of the city of Spur unless a written permit shall have first been obtained from the Board of Commissioners of the City of Spur, to erect such posts, poles or towers.

"Section Two. Any person, firm or corporation who desires to build or erect posts, poles or towers shall submit to the Board of Commissioners of the City of Spur, plans and specifications showing the proposed improvements. It shall thereupon be the duty of the Board of Commissioners, when such plans and specifications have been submitted to them, to make or cause to be made an inspection of the proposed improvements and if in their discretion the public good and welfare will be promoted they shall issue or cause to be issued a permit to the person, firm or corporation making the application. An inspection fee of fifty cents (50c) for each post, pole or tower to be

erected shall be paid by the applicant before such permit is issued."

By an amended or supplemental bill, appellant sought an injunction restraining the enforcement of the last-mentioned ordinance. That pleading also asserted the claim that the carrying out of the contract for a municipal electric light plant was violative of appellant's right as a taxpayer because the city, in entering into that contract, had the purpose of creating a monopoly in the business to be conducted by means of the plant contracted for. There were allegations and evidence as to the appellant, while the suit was pending, setting poles in streets and alleys of the city in locations decided upon and needed by the city for its distributing lines, and stringing wires thereon so as to prevent the construction and operation of the municipal plant contracted for; what was so done not being repair or maintenance work, but being additions to or extensions of the plant previously operated by appellant.

The court's final decree adjudged as follows: The enforcement of the above-mentioned repealed ordinance of October 25, 1928, was enjoined. The city and its officers and agents were enjoined from interfering with a reasonable use by the appellant of the streets and alleys of the city for the distribution of electric light and power to the citizens thereof, the decree providing: "But it is not intended hereby in any way to interfere with or impair the exercise of the governmental power bestowed upon and possessed by the City of Spur under the statutes and laws of this State to control and regulate such use of its streets and alleys by the plaintiff and to regulate rates to be charged by the plaintiff, it being only intended hereby to preserve and protect to the plaintiff such rights as the Court in the foregoing opinion found plaintiff to possess by reason of its having heretofore used said streets and alleys with the knowledge and acquiescence and implied consent of the defendant City of Spur." As to poles and wires placed by plaintiff on certain streets and alleys of the city after the date of the filing of the bill, the appellant was ordered to remove the part thereof which the court found did in fact constitute an interference with the proposed distribution system of the city's electric light plant and such part of the appellant's old system which the court found was duplicated by the work done after the filing of the bill. The decree provided that the injunction granted thereby should remain and be in force and effect

until further ordered or modified by the court. Other relief prayed for was denied.

The claim of the appellant based upon the above set out provision, whereby the town site corporation undertook to reserve to itself and its assigns the right to make specified uses of dedicated streets and alleys, is not sustainable. Such a restriction or reservation is void, because it is repugnant to the dedication and is violative of the public policy evidenced by statutes conferring on governing bodies of municipalities power to control such uses of streets and alleys as are referred to in the provision in question. Roaring Springs Townsite Co. v. Paducah Telephone Co., 109 Tex. 452, 212 S. W. 147; Revised Civil Statutes of Texas 1925, arts. 1016, 1436. The question whether appellant has the right to conduct and operate its electric light plant without a franchise duly passed by the city's board of commissioners is not presented for decision, as the existence of that right is not now controverted, and the above-mentioned ordinance of October 28, 1928, has been repealed and the enforcement of it has been enjoined.

It is not made to appear that appellant's claim of right to use the city's streets and alleys for its poles and wires is supported otherwise than by the evidence as to the governing body of the city acquiescing in such use of the streets and alleys as was made by the appellant prior to the filing of the bill. It may be assumed that the appellant has such right to the extent of the city's acquiescence in such use of its streets and alleys, as the existence of that right is not now controverted, and interference with the continued use of the city's streets and alleys which had been so acquiesced in was enjoined by the decree appealed from. For the acquisition of a right so to use a city's streets and alleys, such use must be "with the consent and under the direction of" the governing body of the city. Revised Civil Statutes of Texas 1925, art. 1436. The appellant failed to show that it had acquired the right to extend or enlarge its use of the city's streets and alleys for its poles and wires which had been acquiesced in by the city's governing body prior to the filing of the bill. The language of the above-mentioned ordinance of November 28, 1928, does not indicate that its provisions were intended to apply to the maintenance, repair, or replacement of poles and wires placed or located, with the consent of the city's governing body, in its streets and alleys prior to the adoption of that ordinance. In view of the provisions of the decree enjoining interference with appellant's use of the city's streets and reserving to the court the right to modify the injunction granted, we do not think that the decree is subject to be complained of on the ground that it failed to protect appellant in the continued enjoyment of any right it possessed to carry on its business in the city and to use the city's streets and alleys for its poles and wires.

The evidence did not show that appellant was entitled to relief on the ground that anything done with reference to the establishment and operation of the city's own electric light plant had the effect of unlawfully interfering with contracts between the appellant and its customers. Fairbanks, Morse & Co. v. Texas Power & Light Co. (C. C. A.) 32 F.(2d) 693.

We do not think that appellant as a taxpayer was entitled to relief on the ground that the city, in arranging for the acquisition and operation of its own electric light plant had the purpose to monopolize the business of furnishing electric light and power for the use of the city and its inhabitants. Unless forbidden by statute, an authorized acquisition and operation by a municipality of such a public utility as an electric light plant may be accompanied by a purpose to prevent competition by another owner of such a utility. City of Brenham v. Brenham Water Co., 67 Tex. 542, 565, 566, 4 S. W. 143. The city was authorized to own and operate an electric light system. Revised Civil Statutes of Texas 1925, art. 1108. The exercise of that power is for public benefit, not for private benefit. We have not been referred to any statute which makes it unlawful for a municipality to acquire the exclusive right to own and operate such a public utility for the benefit of its inhabitants. Furthermore, the decree appealed from did not have the effect of enabling the city to interfere with the operation by the appellant of the latter's plant.

We conclude that the decree appealed from contains nothing inconsistent with any substantial right of the appellant.

That decree is affirmed.