

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

AUSTIN 11, TEXAS

ATTORNEY GENERAL

Honorable A. E. Hickerson
County Auditor
Montgomery County
Conroe, Texas

Dear Sir:

Opinion No. O-1935

Re: Is it legal for the commis-
sioners' court to pay out
of the General Fund of the
county the fee of attorneys
employed by it to defend a
suit contesting a road bond
election held in Precinct No.
2.

Your recent request for an opinion of this
department on the above stated question has been received.

We quote from your letter as follows:

"Will it be legal to pay attorneys em-
ployed by the commissioners court to defend an
election contest on a road bond election issued
strictly for Precinct Two out of the General Fund.

"As an explanation, there was recently held
in this County Precinct Two, a road bond election
and on face, carried by two-thirds majority and
nineteen votes over. Some citizens have employed
attorneys to contest the election, and the Com-
missioners Court deemed it advisable to employ
attorneys to defend this election.

"The situation also involves a budget
situation. The Commissioners' Court in setting
up the budget for 1940 allocated every penny of
anticipated revenues for 1940, but did not provide
a budget item for attorney fees only to the extent
of $150.00. Eventually, the Commissioners' Court
will pay these attorneys from $5,000 to $10,000.

"I have contended that the Commissioners
Court could not amend the budget for this pur-
pose, and that it must be paid, if paid at all,
out of the bond money."

We quote from Texas Jurisprudence, Vol. 11,
page 575, as follows:

"The commissioners' court has power to
employ attorneys to assist the regular con-
stituted officers of the county in the prose-
cution of its claims and suits, and to pay
for such services out of the county funds.
It seems, however, that the commissioners'
court does not have the power to deprive the
county attorney of his rightful authority in
this regard. The employment of counsel is
restricted to special cases where the services
of an attorney are required; nor has the court
power to make an order which will warrant the
payment of county money to an attorney for
services neither required nor performed. Adams
vs. Seagler, 250 SW 413, Gibson vs. Davis, 236
SW 202, Terrell vs. Greene, 31 SW 631, Glooms
vs. Atascosa County, 32 SW 188."

Under the holdings of the above mentioned cases,
it is apparent that the commissioners' court has the power
and authority to employ attorneys in the prosecution of
its claims and suits and pay for such services out of the
general fund of the county where the county, as a whole,
is interested and affected in such proceedings. However,
there is nothing in these cases that would indicate that
the commissioners' court has the power to pay the fees of
attorneys out of the general fund where only a political
subdivision of the county or a body corporate is affected.
Under Article 637 of the Revised Statutes of 1911, a road
district was expressly declared to be a body corporate.
This article has not been re-enacted in thepresent stat-
utes and the Supreme Court has approved an opinion which
announces that a specified road district "may be a body
corporate..." in the case of Winder Bros. vs. Sterling,

12 SW 2nd 127; 14 SW 2nd 802.

In the case of Gibson et al vs. Davis, et al , 236 SW 202, among other things, it was held that contracts for payment of attorney's fees by the county commissioners' court, to get up bond records, prepare petition for bond election, arrange for the printing of the bonds, obtain the approval thereof by the Attorney General and secure the opinion of a bond attorney as to the validity of road district bonds, are not invalid because the law requires the Attorney General to examine and approve all bonds, records, etc., the above services not being such as required of the Attorney General. This opinion clearly indicates that the above mentioned services performed by said attorneys must be performed at the expense of said road district.

In the case of Stokes et al vs. Paschall et al, 243 SW 611, it was held among other things that where a commissioners' court in the exercise of sound discretion finds it to be reasonably necessary to employ bond brokers to aid in the sale of bonds of a road district, they may do so and lawfully pay a reasonable commission out of the proceeds of the bonds so sold, the commission being an expense incident to the issuance of the bonds. In this case the question was not raised as to whether or not the commissioners' court could pay the above mentioned commission out of the general fund and, the court stating that this question was not raised, did not pass upon the question. In this connection the court used the following language:

We have not "been called upon to determine, nor do we determine, that the agreement of the commissioners' court to pay Breg, Carrett & Company $13,800.00 out of the general fund of the county is void." See Article 752q, Vernon's Civil Annotated Statutes.

After a careful search of the statutes and numerous cases, we are unable to find any authority that authorizes the commissioners' court to pay attorney's fees

out of the general fund for the above mentioned purpose. Therefore, your question must be answered in the negative.

Trusting that the foregoing fully answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

s/ Ardell Williams

By        Ardell Williams
                Assistant

AW:AW/cg


APPROVED FEB. 24, 1940

s/ Gerald C. Mann

Attorney General of Texas


Approved Opinion Committee

By BWB, Chairman