

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Mr. D. C. Greer
State Highway Engineer
Austin, Texas

Dear Sir:

Opinion No. O-4453
Re: Construction of Articles 6674m
and 5160, Vernon's Texas Civil
Statutes.

We acknowledge receipt of your request for an opinion
upon the following facts:

"On July 23, 1936, the State of Texas, acting
through the State Highway Department, entered into a
contract with the Taylor-Fichter Steel Construction
Company, Incorporated, a corporation of the State of
Delaware, for the construction of the superstructure
of a bridge over the Neches River on State Highway
No. 87 between Jefferson and Orange Counties. The
work of the contractor was completed in November, 1939.
The Department is withholding earned funds due the con-
tractor in the amount of $233,285.23, less $31,650.00
liquidated damages, leaving a total of $201,635.23.
This amount is being withheld from the contractor be-
cause laborers and materialmen filed with the Depart-
ment labor and material claims totaling $226,432.86.

"The contractor recently has advised the Commis-
sion that he has in his possession releases of certain
of the claims included in the above amount aggregating
approximately $100,000.00, which he will surrender to
the Department if the Department will pay to the con-
tractor at this time the difference between the final
estimate and the remaining unreleased claims, condi-
tioned that the Department can pay and the contractor
accept such payment without prejudice to the right of
the contractor to prosecute his claim against the De-
partment for additional compensation, growing out of
the construction of the project, and without prejudice
to the rights of the Department under the contract to
interpose any defenses to the payment to such claim

which it now has. The claim referred to is in the approximate amount of $590,000.00 for additional compensation, filed by the contractor upon completion of the project.

"In this connection you are referred to Section 33 of the Contract Specifications, which reads as follows:

"'On or about the first day of the month the Engineer will estimate the value of materials delivered at site and work done. Within fifteen days thereafter ninety per cent of the value thus determined less previous payments shall be paid to the Contractor.

"'When the amounts so reserved shall equal five per cent of the total of the contract plus the probable amount of any liquidated damages apparently accumulated monthly estimates thereafter will be paid in full. The schedule prices to be employed in making partial payments shall be determined by the Engineer.

"'If during the progress of the work it appears that the Contractor's bills for materials and labor are not being paid, the Owner shall have the right to withhold from the Contractor's monthly payments sufficient sums to protect itself against all losses from possible liens, and to apply the said sums to the payment of such debts. Payments of monthly estimates are agreed not to be an admission by the Owner that the work is done or that its quantity or quality is satisfactory, nor a release of the Contractor from responsibility in respect thereof, but such release shall occur only with final payment.

"'Should the Contractor fail to complete the work within the time specified, the Owner shall not be obliged to make any payments on monthly or partial estimates after the dates specified for completion until the Contractor shall deliver to the Engineer the written consent of the Contractor's Surety covering every such partial payment permitting such payments to be made without affecting the validity of the bond.

"'Upon completion of the entire work of the contract and acceptance thereof, in writing by the Owner,

the remainder due the Contractor shall be paid, which shall be the total compensation less previous payments.

"'The total compensation shall be determined by the final actual number of acceptable units classified in the proposal and bid at the unit prices and lump prices bid, plus any allowance or added payments, less any amounts of liquidated damages or other deductions.

"'Before the final payment is made, the Contractor shall show the Owner satisfactory evidence that all just liens, claims and demands of his employees, and of parties from whom materials used in the construction of the work may have been purchased or procured, are fully satisfied, and that the structure is fully released from all such liens, claims and demands.

"'The acceptance by the Contractor of payment of the final estimate shall operate as and shall be a release to the Owner, the Engineer and all agents thereof, from all claims or liability under the contract for everything done or furnished, either relating to the work done under the contract or for any act or neglect of said Owner, Engineer, or any of their agents or employees related to or connected with the contract.

"'No payments, either partial or final, are to be made for any material which is to be used for falsework or plant, but payment is to be made only for materials which are left permanently in the finished structure and form a part of it.'

"The Highway Commission has expressed its willingness to pay to the contractor the difference between the final estimate and the unreleased labor and materialmens claims, as requested by the contractor, if it can be done without prejudice to the rights of either party, as above stated.

"Will you please advise me if, in your opinion, the Highway Commission, under the above quoted section of the Contract Specifications and without prejudice to the rights of either party to the contract, may pay to the contractor the difference between the amount of money due the contractor under the final estimate and the labor

materialmens claims remaining unpaid and unreleased. Also, will you please advise me if it will be necessary to obtain the consent of the contractor's surety to any such arrangement if, in your opinion, it can be made."

The contract in question was executed under authority of House Bill 9, Forty-third Legislature of Texas, Fourth Called Session, Chapter 32, Page 78. Said bill specifically authorizes the State Highway Commission to design, supervise and construct or to contract for the designing, supervision and the construction of such bridges and the approaches thereto.

It is fundamental that all laws which subsist at the time and place of the making of a contract and where it is to be performed, enter into and form a part of it, as if they were expressly referred to or incorporated in its terms. Winder Brothers vs. Sterling et al, 12 S. W. (2d) 127.

As noted in your request, claims in the sum of $226,432.-86 have been filed with the Highway Department against the contractor. Article 5160, supra, as amended by the Forty-first Legislature, page 481, Chapter 226, Section 1, provides in part as follows:

"Provided further that after completion and acceptance of completed project all moneys due contractor under said contract shall be held by the State or its counties or school districts or other subdivisions thereof or any municipality until such a time that satisfactory evidence is submitted and affidavits made by the contractor that all just bills for labor and material under this contract has been paid in full by the contractor."

In the case of Republic National Bank and Trust Company vs. Mass. B. & Ins. Co., 68 Fed. (2d) 448, the Circuit Court of Appeals, speaking through Justice Sibley, in discussing said Article 5160, said:

"The Act of 1929 * * * amended the bond statute and dealt only with the final payment, requiring it to be withheld not in part to cover any particular claim, but entire until a required affidavit is made."

Article 6674m, supra, provides in part as follows:

"And final payment shall not be made until it is shown that all sums of money due for any labor, materials or equipment furnished for the purpose of such improvements made under any such contract have been paid."

In the case of Huddleston & Works vs. Kennedy, 57 S. W. (2d) 258, the court held that Article 5160 and Article 6674m were in pari materia.

The effect of these statutes, therefore, is that upon the completion and acceptance of a public work such as highway or bridge construction, the final payment due the contractor for such work shall not be made until affidavits and other satisfactory proof is made by the contractor that all claims have been paid.

The writer has been informed by the State Highway Department that on November 23, 1939, the contractor was notified in writing, as provided in the contract, that the project had been completed and was thereby accepted.

You are therefore advised that it is the opinion of this department that the State Highway Commission is not authorized to pay over to the contractor the difference between the amount due and the remaining unreleased claims.

In view of our answer as above stated, it is not necessary for us to answer your question as to whether or not it is necessary to obtain the consent of the contractor's surety under any such arrangement.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Richard H. Cocke
Assistant

RHC:ej

