**CITY OF GARLAND et al., Appellants,**

v.

**TEXAS POWER & LIGHT COMPANY,**
Appellee.

No. 4509.

Court of Civil Appeals of Texas.

Waco.

July 14, 1966.

Rehearing Denied Aug. 4, 1966.

extension by TP&L in such City; and 2) from requiring a permit for such construction under its Ordinances 275 and 276.

The City Council denied TP&L's application for permit, and TP&L brought suit against the City attacking the validity of the ordinances, and the validity of the action of the City in denying the permit. The trial court, without a jury, held denial of the permit invalid, and enjoined the City from interfering with construction of the line.

The City appeals, contending the trial court erred:

1) In failing to hold Ordinances 275 and 276 valid, since they were in effect at the time TP&L's franchise was renewed in 1964, and therefore are incorporated in TP&L's franchise as a matter of law.

2) In holding Ordinances 275 and 276 and the action of the City denying the permit under such ordinances to be arbitrary and unreasonable.

By ordinance of August 2, 1915 the City of Garland granted TP&L "the right, privilege and franchise until August 1, 1965, to construct, maintain and operate in the present and future streets, alleys and public places of the City of Garland * * * electric light and power lines with all the necessary and desirable appurtenances * * * for the purpose of supplying electricity, to the said City, the inhabitants thereof * * *, for light, heat, power and other purposes."

Under such franchise the TP&L has built lines and sold electricity to customers since 1915. Thereafter the City built a municipal electric plant, and has sold electricity to customers.

In 1949 the City Council enacted Ordinances 275 and 276, providing "that no electric light poles, wires, * * * used to conduct and transmit electrical energy shall be placed in any street, alley * * *

---

Cary Young, City Atty., Garland, James W. Wilson, Shannon H. Ratliff, McGinnis, Lochridge, Kilgore, Hunter & Wilson, Austin, for appellants.

Burford, Ryburn & Ford, Robert E. Burns, Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by City of Garland from a judgment permanently enjoining it: 1) from interfering with the construction and operation of a 1500 foot electric line

easement for utilities * * * in the City of Garland, unless and until a permit in writing from the governing body of the City shall first have been obtained * * *." Section 10 provides, among other things, the permit may be denied in the discretion of the City if any of the poles, wires, etc. "results in duplication of services in an area, * * * of the City of Garland, with electric facilities installed, contemplated or planned as extension of the City's Municipal Electric System." (The ordinances provide as further grounds for refusal of permit, that the poles, lines etc. constitute: a nuisance or hazard; unnecessary extension of transmission facilities; an extension likely to result in loss of customers by the City's municipally owned electric plant; or cause any reduction in earning capacity or net income of the City's plant; or impair the City's bonds; an interference with any governmental or proprietary function of the City).

On August 4, 1964 the City Council, by ordinance, extended TP&L's franchise for 25 years as follows:

"Be It Ordained by the City Council of the City of Garland, Texas:

"Sec. 1. That the electric, heat and power franchise heretofore granted to the Texas Power & Light Company by ordinance adopted by the City Council of the City of Garland, Texas on August 2, 1915, be extended for a period of 25 years from and after the expiration date named therein so that the term of such franchise will extend to the 1st day of August 1990."

"Sec. 2. The grantee in such franchise, to-wit: Texas Power & Light Company, shall file its written acceptance of this extension of said franchise within 60 days after the passage and approval of this ordinance."

After passage of such ordinance, a referendum election of the qualified voters of the City ratified same.

In August, 1965, Chiles & Stockton proposed to build a 118 unit apartment complex on the south side of Walnut Street in the City. The City has an electric distribution line running on the south side of Walnut Street directly in front of the location. TP&L has a line on Forest Lane and International Road which line terminates 1500 feet from Chiles & Stockton's property. Chiles & Stockton applied to TP&L for service; and TP&L applied to the City for a permit to extend its line from its dead end on International Road, 1500 feet across to Chiles & Stockton's property. Such application was made "without admitting the validity of Ordinances 275 and 276", * * * "and without waiving any right to question the validity of such ordinances."

## SCHEMATIC DIAGRAM

TP&L's application was denied by the City Council because the extension would result in duplication of services in an area the City had electric facilities installed in and intended to serve. (TP&L asserts the City's real reason for denial of permit was potential loss of revenue to the Municipal System and its desire to eliminate it as competition).

TP&L then filed suit to enjoin the City from requiring a permit for the construction of the extended line, and from interfering with its serving the apartment project. Temporary restraining order and temporary injunction were granted, and after hearing on the merits, the trial court found TP&L "has a right to serve the premises described; that the refusal of defendant to grant (TP&L) a permit to construct its electrical line to the premises of Chiles and Stockton is without basis or foundation in law or in fact", and enjoined the City from requiring the permit, and from interfering with construction or operation of the electric line to the Chiles and Stockton premises.

The City's 1st contention on appeal is that the Ordinances are valid; and since they were in effect when TP&L's franchise was renewed in 1964, they are incorporated in such franchise as a matter of law.

TP&L contends that the ordinances were the subject of similar litigation in 1956 and 1961; that in City of Garland v. Texas Power & Light Co., Tex.Civ.App. (nwh), 295 S.W.2d 925, and City of Garland v. Texas Power & Light Co., Tex.Civ.App. (nwh), 342 S.W.2d 816, temporary injunctions against the City's refusal to issue permits under these ordinances were affirmed; that such cases construed such ordinances as violative of TP&L's 1915 franchise rights; and that the 1964 ordinance did not give TP&L a new franchise, but *extended* its existing 1915 franchise.

■ We reject TP&L's contentions. Contention that the 1915 franchise was not renewed, but that it was extended and continued in force as the *same franchise* is just a play on words. When the City Council extended the franchise on August 4, 1964, such extension required acceptance by TP&L, and so a new contract was entered into. And at the time such new contract was entered into, Ordinances 275 and 276 were on the ordinance books. This being true, such ordinances are incorporated into the 1964 contract and franchise, and the franchise is subject to the restrictions contained in such ordinances. Nueces Valley Townsite Co. v. San Antonio, U. & G. R. Co., 123 Tex. 167, 67 S.W.2d 215. Such case holds:

> " * * * since defendant in error accepted its charter from the state of Texas at a time when the act of 1889 was on the statute books, it took the charter subject to this statutory restriction, just as if it were incorporated in that charter. * * "

■ And the general rule is that laws which subsist at the time and place of making a contract enter into and form a part of it as much as if such laws were expressly referred to and incorporated in its terms. Winder Bros. v. Sterling, 118 Tex. 268, 12 S.W.2d 127. And McQuillan on Municipal Corporations states:

> "This rule that law existing at the time and place of a contract forms a part of it is applicable to franchises to own, construct and operate a utility * * *." (Vol. 5, pp. 588–589, 3rd Ed.)

■ TP&L further contends the 1964 ordinance extending its franchise is in conflict with the 1949 ordinance, and repeals the earlier ordinances. A statute may be repealed expressly or by implication. Where a later enactment is intended to embrace all the law upon the subject with which it deals, it repeals all former laws relating to the same subject. Repeals by implication are not favored, however, and laws relating to the same subject should

be considered as though incorporated in the same Act. If they can be harmonized and effect given to each when so considered, there is no repeal by implication. Gordon v. Lake, 163 Tex. 392, 356 S.W.2d 138.

■ The 1964 ordinance extending TP&L's franchise may be harmonized with the 1949 ordinances and effect given to each; the 1949 ordinances are thus incorporated into the 1964 ordinance; and the 1964 ordinance does not repeal the 1949 ordinances.

The City's 2nd contention is the Trial Court erred in holding Ordinances 275 and 276, and the action by the City denying permits under same, unreasonable.

■ The City has the right to be the exclusive operator of a utility system in the City for the benefit of its inhabitants. City of Brenham v. Brenham Water Co., 67 Tex. 542, 4. S.W. 143, 155; West Texas Util. Co. v. City of Spur, 5th Cir., 38 F.2d 466, 469. And at the expiration of TP&L's franchise in 1965 the City had the right not to renew same and force TP&L out of business in Garland. Since the City could have denied TP&L a renewal of franchise, it could "reasonably" grant a renewal on the condition TP&L not expand its system beyond existing facilities. Thus the City could "reasonably" renew the franchise on condition future expansion be subject to (Ordinances 275 and 276) City Council approval. It is undisputed the permit applied for was to extend a line to serve an area where duplication of service with the City's municipal plant would result.

The 1949 ordinances are valid and reasonable, and are incorporated into the 1964 franchise; the City Council had the right to deny the permit requested by TP&L; and such denial was not unreasonable. We sustain the City's contentions. The judgment is reversed and judgment rendered dissolving the injunction.

Reversed and rendered.