HumpiiilIj, Cu. J.
I shall not stop to inquire whether the note sued' on might not be regarded as an original undertaking. If it be considered as a collateral engagement it will be in an attitude more favorable to the defendant, as it will then present a question of great importance, and which lias not been heretofore adjudicated in this State; and that is, whether tlie note or agreement, having no consideration expressed therein, is void, or whether the consideration, as was done in tins case, may be proven by parol.
Tlie. clause of the statute out of which this question arises may be expressed' as follows: “No action shall be brought, whereby to charge tlie defendant, “upon any special promise to answer for tlie debt, default, or miscarriage of' “another person, unless the promise or agreement upon which such action “shall be. brought, or some memorándum thereof, shall be in writing, signed,”' &e. This clause is identical with that embodied in the statute of 29 Chorles-II, and tlie laws of most of the States of tlie Union, with tlie addition of the word “promise,” which is not in tlie English statute, nor in those of mauy of' tlie States. Por more than a century subsequent to the English statute its practical, universal, and uniform construction had been that tlie consideration of the agreement, within tlie scope of the statute, need not be expressed on tlie face of tlie writing. For the first time, in 1804, in the case of TVaine v. TVarlters, 5 East., it was decided that the consideration must be expressed in the contract itself. This construction excited surprise, and was much questioned; but was finally recognized and followed in England as approved authority; (Story on Cout., sec. 862, note; Kent’s Com., vol. 3, p. 122;) though lat.teriy its force has been much weakened, tlie courts in England being disinclined to take the rule strictly, considering loose expressions cm the face of the instrument as applying a consideration. "(3 Kent, 122.) Tlie construction in TVain v. TVarlters was adopted in some, but rejected by most of the States; and in some of those in which it was at first received it lias been either overruled or greatly modified; the words “value received” being considered sufficiently expressive of the consideration. (3 Hill S. C. It., 48; Dud *106 ley, 30; 24 Wendell, 35.) The question as to the proper construction of the statute was elaborately argued in the case Packard v. Richardson, 17 Mass. R., 124; and, in an opinion marked with the profound ability and wisdom which have distinguished the courts of that State, the cases were reviewed, the words of the statute were construed, and it was unanimously held, that the consideration need not he expressed in the writing, and that it may be proved by parol. In the language of Chancellor Kent, the weight of American authority does not coincide with the rule in Wain v. Warlters. (3 Kent, p. 122, note; Chitty on Cont., p. 517, note.) In De Wolf v. Raband, 1 Peters, 501-2, the question was before (he Supreme Court of the United States; hut, as it arose under the statute of New York, the court, after referring to the conflict of opinion, felt themselves bound to follow (he construction adopted by the courts of that State, carefully avoiding the expression of their own views on the question. The opiniou.of the court ivas delivered by Mr. Justice Story; and bis views of the rule which requires the consideration to bo expressed in the agreement maybe deduced from the treatise on contracts published by his sou, and which is to the effect that such construction unlliiies four out of five of all the bona fide guaranties given in the course of commercial transactions, and annihilates securities given and received in good faith, without conferring any corresponding benefits. (Story on Contracts, sec. 8G2, note.)
It is worthy of remark that the word agreement was taken in its legal and not as it before had been in its popular signification, on the known accuracy of Sir Matthew Hale, who was supposed to have drawn the statute. This has been discovered to he a mistake; the statute was a piece of patchwork altered after its original introduction by judges and civilians, and thus arriving at the form it finally assumed. (Story on Cont., see. 862, note.)
Our statute contains the word, “promise,” in addition to “agreement,” and under similar statutes in Virginia and Tennessee the English, construction has been rejected. (5 Cránch, 151-2; 3 Merger, 330.)
I must confess that I can perceive no substantial variance between onr own and the English statute from the use of the word “promise.” A consideration is as necessary to the validity of a promise as an agreement; and the supposed advantage to be derived, and evils to be avoided by expressing the consideration in the latter, will apply equally to the former.
Tlie greatest minds have been tasked in adducing reasons in support of the one and the other construction of the statute. It would be superfluous labor on the part of this court to attempt an original interpretation of the language of the legislature. This has already been'given, and with an ability and fullness which loaves nothing untouched. We have only to choose between the two constructions which have been advanced, each upon the highest authority; and wo have only to say that the rule of interpretation as expressed in the ease from Massachusetts meets our cordial approbation. The object of the law was to protect men from “ hasty and inconsiderate engagements; ” to give a durable form to their promises ; to prevent misconstruction of their terms, and .therefore some memorandum of their agreement is required to he in writing. It is certainly a far-fetched construction of the term that not only the agreement, hut that all the motives and considerations which induced the party to enter into it should also he expressed. AYe are of the opinion that tlio note sued upon was void; and that the proof of its consideration by parol was not -only competent but satisfactory.
Judgment affirmed.