**L. P. BOTELLO, Petitioner,**

v.

**MISENER–COLLINS COMPANY, Ltd., Respondent.**

**No. B–2534.**

Supreme Court of Texas.

July 7, 1971.

**794**

Lang, Cross, Ladon, Boldrick & Green, Stephen Lang, San Antonio, Morales & Morales, Richard Morales, Sr., Laredo, for petitioner.

Hall & Zaffirini, Horace C. Hall, III, Laredo, McGinnis, Lochridge & Kilgore, James W. Wilson, Austin, for respondent.

REAVLEY, Justice.

The actionability of an alleged agreement for the sale of land from Misener-Collins Company, Ltd. to L. P. Botello is involved here. Misener sought to remove a cloud on the title to the land, and Botello by cross action sought specific performance or, in the alternative, damages for breach of contract. The trial court granted a summary judgment for Misener, holding there to be no actionable contract, and this was affirmed by the court of civil appeals. 462 S.W.2d 100. We affirm.

There is a written "sale contract" in the record dated June 25, 1968, which is signed by Botello and by Emilio Chito Davila who purported to act as the agent for Misener. The provision in this writing as to the terms of payment of the purchase price reads as follows:

"2. The purchase price is $200,000.00 payable as follows: $5,000.00 cash, of which Buyer has deposited with the undersigned agent $5,000.00 as part payment, receipt of which is hereby acknowledged by agent, EMILIO CHITO DAVILA."

This case seems to have been argued and decided to this point on the assumption that the statute of frauds (V.T.C.A. Bus. & C. Sec. 26.01) limits us to the written "sale contract" of June 25 and requires that we test contractual completeness as to the terms of payment by the provision quoted above and by that alone. This is not the case, because Texas courts have long construed this state's statute of frauds as not requiring within the writing a statement of the consideration or terms of payment. Garcia v. Karam, 154 Tex. 240, 276 S.W.2d 255 (1955); Morrison v. Dailey, 6 S.W. 426 (Tex.Sup.1887); Fulton v. Robinson, 55 Tex. 401 (1881); Ellett v. Britton, 10 Tex. 208 (1853); Anno., 23 A.L.R.2d 164 (1952); Cf. Dracopoulas v. Rachal, 411 S.W.2d 719 (Tex. Sup.1967).

In Morrison v. Dailey, supra, suit was brought for specific performance of a con-

tract for the sale of land evidenced by the following written memorandum: "Received from H. Morrison forty dollars on my place * * * which tract I have sold to him for forty-five hundred dollars, part cash, and the balance to bear interest at ten per cent. per annum until paid. [Signed] Mrs. N. B. Dailey." The seller contended that the statute of frauds was not satisfied, but the Supreme Court held that the terms of payment were not required by the statute to be included in the memorandum.

The question in Bryant v. Clark, 163 Tex. 596, 358 S.W.2d 614 (1962) was the completeness of the contract and not whether it satisfied the requirements of the statute of frauds. It so happened that the full agreement of the parties was contained in the writing discussed in the opinion. The court pointed out that Bryant, who was seeking specific performance of the contract, "testified that he had no agreement with Mrs. Clark other than as set forth in the written contract * * *." 358 S.W.2d 615.

■ It follows that if there had been an oral agreement as to the payment of the full price, Botello would have been entitled to prove it. If we disregard Botello's position before us, Misener could not sustain the summary judgment since the proof before the trial court did not foreclose the existence of additional agreement on the terms of payment. Because Misener had the burden to establish entitlement to judgment as a matter of law, he was required to establish that every material exchange contended to have passed between the parties was included in the record. Rule 166–A, Tex.Rules Civ.Proc.; Gibbs v. General Motors Corp., 450 S.W. 2d 827 (Tex.Sup.1970); Prestegord v. Glenn, 441 S.W.2d 185 (Tex.Sup.1969); Cf. Glenn v. Prestegord, 456 S.W.2d 901 (Tex.Sup.1970). However, Botello himself forecloses the existence of additional agreement. He makes no complaint of a failure to allow him an opportunity to prove the full agreement. His points of error attack only the construction of the written contract and the holding that it is indefinite. It is Botello's position that he has pleaded his contract and that it is enforceable.

Botello's pleadings do not allege how the $200,000 was to be paid under his deal with Misener. At most points in these pleadings he refers to the written "contract of sale" as the contract upon which he sues, but he also pleads under his oath that Misener personally told him that Misener would not be ready to turn over the abstracts to his lawyer for examination of the title until "he [Misener] could arive [sic] at a mode of receiving payments."

■ Assuming the exchanges as Botello tells them, the parties may have reached some partial agreement for the sale and purchase of the land, but by that agreement only $5,000 of the $200,000 was to be paid in cash and the balance was to be deferred for payment and receipt at some subsequent time or times. As to the payment of $195,000, there was no agreement as to time or how that time could be determined. Without an agreement of the parties on this essential feature of the trade, there is no contract for the court to enforce—either by ordering specific performance or by awarding damages for a breach. Bryant v. Clark, supra; Bean v. Holmes, 236 S.W. 120 (Tex.Civ.App. 1922, writ ref'd); Anno., 68 A.L.R.2d 1221 (1959).

The judgment is affirmed.