ESTATE of B. E. GRIFFIN, Deceased et al., Appellants,

v.

Mrs. B. F. SUMNER et vir., Appellees.

No. 16297.

Court of Civil Appeals of Texas, San Antonio.

June 18, 1980.

Rehearing Denied July 25, 1980.

Darrell G. Lochte, Kerrville, for appellants.

Lavern D. Harris, Faye C. Harris, William C. Childers, Scott F. Monroe, Kerrville, for appellees.

## OPINION

KLINGEMAN, Justice.

This is an appeal from a judgment of the district court of Kerr County, Texas, ordering Sibyl Griffin, individually and as administratrix of the Estate of B. E. Griffin, Deceased, to convey to Mrs. B. F. Sumner an undivided one–half (½) interest in and to a tract of 160 acres of land in Kerr County, Texas, for a consideration of $8,000 previously deposited in the Registry of the Court, and in the absence of such a conveyance divesting title out of Sibyl Griffin, individually and as administratrix of the Estate of B. E. Griffin, Deceased, and vesting it in Mrs. B. F. Sumner. Trial was to the court without a jury. The trial court made extensive findings of fact and conclusions of law.[1]

---

1. The trial court's findings of fact include the following:

. . . . .

7. The contract was legally executed by B. E. Griffin and the plaintiff, Mrs. B. F. Sumner.

8. The contract is supported by good and valuable consideration.

9. The contract is enforceable.

10. It was the intent of B. E. Griffin and the plaintiff, Mrs. B. F. Sumner that the option given to the survivor was to apply to an entire undivided one half (½) interest in the whole 160 acre tract of land.

11. B. E. Griffin and the plaintiff, Mrs. B. F. Sumner, did not intend to effect a testa-

On August 22, 1960, Mrs. Willie Ann Griffin conveyed 160 acres of land located in Kerr County, Texas, to her son, B. E. Griffin. The consideration for such conveyance was the sum of $8,000 cash which was furnished by Mrs. B. E. Sumner, a daughter of Mrs. Griffin, and the execution and delivery by B. E. Griffin to Mrs. Willie Ann Griffin of a vendor's lien note in the amount of $8,000. Simultaneously, B. E. Griffin conveyed to Mrs. B. F. Sumner as her separate property and estate an undivided one–half (½) interest in said 160–acre tract. Shortly thereafter, Mrs. Sumner and her brother, B. E. Griffin, entered into a contract and agreement concerning the land which provided that in the event of the death of either Mrs. Sumner or Mr. Griffin the survivor thereof had the right to purchase the interest of the deceased party in said property for the sum of $8,000. B. E. Griffin died intestate on August 8, 1975, in New Mexico and on October 10, 1975, Sibyl Griffin was appointed administratrix of the Estate of B. E. Griffin, Deceased, in the State of New Mexico. In April of 1976, Sibyl Griffin made application in the County Court of Kerr County, Texas, to be appointed ancillary administratrix of the Estate of B. E. Griffin. On April 19, 1976, the County Court of Kerr County, Texas, in Cause No. 6000, granted such application for ancillary administration, and appointed Sibyl Griffin as ancillary administratrix. She duly qualified. Sometime thereafter, Mrs. Sumner made demand on Mrs. Griffin to convey to her an undivided one–half (½) interest in said 160–acre tract for the sum of $8,000, which Mrs. Griffin refused to do. On November 2, 1976, Mrs. Sumner filed suit in the district court of Kerr County, Texas, Cause No. 1859, seeking specific performance to the contract hereinabove referred to. A similar petition was filed in the County Court in Cause No. 6000 on April 7, 1976, also seeking specific performance. This suit in the County Court was transferred to the District Court and thereafter the two suits in the District Court were consolidated under Cause No. 2109.

mentary disposition of the land by the contract.

16. Sibyl Griffin came to the State of Texas and used the Texas courts in an ancillary administration of her husband's estate.

18. The plaintiff, Mrs. B. F. Sumner, has exercised her option to purchase the land.

19. Sibyl Griffin has failed and refused to perform under the contract.

20. The plaintiff, Mrs. B. F. Sumner, brought this lawsuit for specific performance of the contract.

21. The plaintiff, Mrs. B. F. Sumner, has filed and introduced the original contract into evidence.

22. The plaintiff, Mrs. B. F. Sumner, has tendered into the coffers of the court the sum of $8,000.00.

23. The property in question was not the homestead of B. E. Griffin and Sibyl Griffin.

24. The plaintiff, Mrs. B. F. Sumner, is entitled to specific performance of the contract.

The trial court made the following conclusions of law:

1. This court has jurisdiction over the parties.

2. This court has jurisdiction over the subject matter of this suit.

3. Sibyl Griffin, both Individually and as the personal representative of the Estate of B. E. Griffin, Deceased, has been duly cited to appear herein and show cause why specific performance of the written contract should not be decreed.

4. The plaintiff, Mrs. B. F. Sumner, has complied with Sec. 27 of the Texas Probate Code.

5. It was the intent of B. E. Griffin and the plaintiff, Mrs. B. F. Sumner that the contract was to apply to an entire undivided one half (½) interest in the whole tract of land.

6. B. E. Griffin and the plaintiff, Mrs. B. F. Sumner, did not intend to effect a testamentary disposition of the land by the contract.

7. The contract is legally enforceable.

8. Specific performance of the contract is authorized by Sec. 27 of the Texas Probate Code.

9. Specific performance of the contract is authorized by the general law of contracts.

10. The undivided one half (½) interest in the land in question was part of the community property of B. E. Griffin and Sibyl Griffin.

11. At the time the contract was entered into, Art. 4619 V.A.T.S. was applicable and under said law the husband had the right of management and control and the right to sell community property without joinder of the wife as long as it constituted no part of the homestead.

By six points of error appellant complains that the trial court erred (1) in entering judgment for appellee because (a) the contract sued on is unenforceable because of want of certainty, (b) there is no evidence in the record to support the judgment entered, (c) there is not evidence that the contract sued on was ever delivered or that there was ever any consideration, (d) the judgment is not supported by the pleadings, and (e) the court was without jurisdiction of Sibyl Griffin or her property in her individual capacity; and (2) in overruling appellants' motion for judgment.

The principal questions to be decided on this appeal are: (1) Did the trial court have jurisdiction over Sibyl Griffin, individually? (2) Was the contract between B. E. Griffin and Mrs. B. F. Sumner effective to cover an undivided one–half (½) interest in the 160–acre tract involved? (3) Was such contract a valid and enforceable contract binding on the heirs, executors and administrators of the estate of the non–survivor? (4) Did the court properly enter judgment directing Sibyl Griffin, individually and as administratrix of the Estate of B. E. Griffin, Deceased, to convey an undivided interest in the 160–acre tract involved to Mrs. B. F. Sumner, in consideration of the sum of $8,000 deposited with the court? We answer all the questions above in the affirmative.

## Specific Performance

■ The purpose of specific performance is to compel a party who is violating a duty to perform under a valid contract to comply with his obligations. The rationale is that the recovery of monetary damages would be inadequate to compensate the complainant, especially in cases involving a contract for the sale of land, and thus the transgressor should be compelled to perform that which he has promised in his contract.

In *Wilson v. Beaty*, 211 S.W. 524 (Tex. Civ.App.–San Antonio 1919, writ ref'd), a case involving specific performance of a contract for the sale of land, this court said:

Where a contract is in writing, is certain in its terms, is fair and just in its provi-

sions and capable of being enforced with fairness to both parties, it is a matter for enforcement in a court of equity. . .

Absolute and positive certainty as to the terms of the contract is not required, but there must be reasonable certainty as to the subject–matter, the stipulations, the purposes, and the circumstances under which the contract was made. . .

The contract is certain and definite in its terms if it leaves no reasonable doubt as to what the parties intended and no reasonable doubt of the specific thing equity is called upon to have performed. 211 S.W. at 526–527.

The Supreme Court in *Bennett v. Copeland*, 149 Tex. 474, 235 S.W.2d 605 (1951), stated:

"Whenever a contract concerning real property is in its nature and incidents entirely unobjectionable,–when it possesses none of those features which, in ordinary language, influence the discretion of the court,–it is as much a matter of course for a court of equity to decree its specific performance as it is for a court of law to give damages for its breach." 235 S.W.2d at 609.

### Jurisdiction

Appellants assert that the District Court of Kerr County, Texas, did not have jurisdiction over her in her individual capacity. It is to be remembered that after Mrs. Griffin qualified as administratrix of the estate of her deceased husband in New Mexico, she filed an application in the County Court of Kerr County, Texas, to be appointed ancillary administratrix of her deceased husband's estate, citing a need for administration including the existence of debts and seeking various relief. On April 19, 1976, such administration was granted and Mrs. Griffin was appointed ancillary administratrix. She duly qualified and took her oath in Kerr County, Texas, on April 19, 1976. Mrs. B. F. Sumner on November 2, 1976, filed her original petition in the District Court of Kerr County, Texas, Cause

No. 1859, against Mrs. Sibyl Griffin, individually and as administratrix of her husband's estate, as defendant, seeking specific performance of the contract or agreement between Mr. B. E. Griffin and Mrs. Sumner, or otherwise vesting title to said undivided one–half (½) interest in the 160–acre tract in Mrs. B. F. Sumner. Attached to said petition were copies of the contract involved and the two deeds hereinabove mentioned involving the 160–acre tract. In reply thereto appellant filed a special appearance under Tex.R.Civ.P. 120a and an original answer in said Cause No. 1859 in the District Court. Sometime thereafter, appellees filed a similar suit in the County Court of Kerr County, Texas, in Cause No. 6000, the ancillary administration. Appellants filed an answer consisting of two pleas in abatement and a general denial, but no special appearance. Appellees thereafter filed a motion to transfer such matter to the District Court pursuant to Section 5 of the Texas Probate Code. The motion to transfer was granted. Appellants then filed a motion to dismiss Cause No. 1859 in the District Court of Kerr County, Texas, asserting that jurisdiction was vested in Cause No. 6000 in the County Court. Thereafter, they filed a somewhat similar pleading in Cause No. 2109 in the District Court of Kerr County, asking the court to return the case to the County Court of Kerr County. They also filed a motion to set for pre–trial. A pre–trial hearing was held on March 20, 1978, in Cause No. 2109, at which time [the plaintiffs appeared in person and by attorney and the defendants appeared by their attorney] the motion to return the cause to the County Court was overruled and Cause No. 1859 and Cause No. 2109 were consolidated into one cause, numbered Cause No. 2109. On September 22, 1978, the District Court had a hearing on the special appearance and plea to the jurisdiction in which both Sibyl Griffin and Mrs. B. F. Sumner appeared in person or by attorney and at such time the special appearance and plea to the jurisdiction were overruled.

The judgment here before us is dated February 16, 1979, and recites due citation and appearance by Sibyl Griffin, both individually and as the administratrix of the Estate of B. E. Griffin.

Appellants' attack on the jurisdiction of this appeal appears to be two–fold: (a) the district court did not have jurisdiction over the subject matter of the case, and (b) the district court did not have jurisdiction over the appellant individually in this case.

The special appearance filed by appellant in the district court appears to be directed at the jurisdiction of the court over the subject matter and not to appellant's amenability to process. A careful reading of Rule 120a reveals that its purpose is to attack the jurisdiction of the court on a ground that the person sued is not amenable to process. Rule 120a does not authorize the special appearance for the purpose of raising lack of jurisdiction over the subject matter of the case.

 Prior to the adoption of Rule 120a, Tex.R.Civ.P., special appearance was unknown to Texas procedure and the filing by defendant of any defensive pleadings, including one to challenge the court's jurisdiction over the person of the defendant, constituted an appearance and submission to the jurisdiction of the forum. *York v. State*, 73 Tex. 651, 11 S.W. 869, *aff'd*, 137 U.S. 15, 11 S.Ct. 9, 33 L.Ed. 604 (1890); *Bonanza, Inc. v. Lee*, 337 S.W.2d 437 (Tex. Civ.App.—Dallas 1960, no writ). See also Tex.R.Civ.P. 120a, comment; Thode, *"Long–Arm" Jurisdiction and Special Appearance—A Reply*, 28 Tex.B.J. 271 (1965); Thode, *In Personam Jurisdiction; Article 2031B, the Texas "Long Arm" Jurisdiction Statute; and the Appearance to Challenge Jurisdiction in Texas and Elsewhere*, 42 Texas L.Rev. 279 (1964); 6 S.Tex.L.J. 202 (1962). Rule 120a was adopted and promulgated by our state Supreme Court so that a defendant may make a special appearance in the cause to attack the court's jurisdiction over his person or property without subjecting himself to the jurisdiction of the court generally. However, this rule expressly provides that such special appearance shall be made by sworn motion filed prior to plea of privilege or any other plead-

ing or motion. Every appearance, prior to judgment, not in compliance with the rule is a general appearance. Tex.R.Civ.P. 120a; *Cuellar v. Cuellar*, 406 S.W.2d 510, 512 (Tex. Civ.App.—Corpus Christi 1966, no writ).

■ The burden of proof and persuasion is on the non–resident contesting the court's jurisdiction by special appearance. *Thornlow v. Thornlow*, 576 S.W.2d 697, 699 (Tex.Civ.App.—Corpus Christi 1979, no writ); *Murray v. Murray*, 515 S.W.2d 387, 390 (Tex.Civ.App.—Waco 1974, no writ); *Hoppenfeld v. Crook*, 498 S.W.2d 52, 55 (Tex.Civ.App.—Austin 1973, writ ref'd n. r. e.). The fact that the special appearance motion filed by the defendant was sworn to did not operate to cast the burden of proof or the burden of persuasion of the jurisdictional issue on plaintiff. *Smith v. Reynolds*, 533 S.W.2d 861, 862 (Tex.Civ.App.—San Antonio 1976, no writ).

■ A party asserting a plea in abatement, pursuant to the provisions of the rule relating to special appearances for purposes of objecting to the jurisdiction of the court over the person or property of defendant, has the burden of pleading, of presenting evidence and of persuasion that he or his property is not amenable to process issued by the courts of this state. *Scott v. Scott*, 554 S.W.2d 274, 276 (Tex.Civ.App.—Houston [1st Dist.] 1977, no writ); *Roquemore v. Roquemore*, 431 S.W.2d 595, 600 (Tex.Civ. App.—Corpus Christi 1968, no writ).

■ It is evident from the record that in both the district court cases and in the county court case in Kerr County appellants filed various pleadings, some of them asserting affirmative relief. No special appearance was ever filed in the county court and all the cases were consolidated in the district court. Appellant did not strictly comply with the provisions of Rule 120a. She has appeared in the courts in this state on several occasions, filed various pleadings therein and has made substantial, purposeful contacts in this state in this respect. Moreover, under the applicable authorities, appellant had the burden of pleading and proving that she was not amenable to proc-

ess issued by the courts of Texas. She did not meet this burden. Under the record the trial court did not err in holding that it had jurisdiction over the parties and the subject matter of the suit. *See Taylor v. American Emery Wheel Works*, 480 S.W.2d 26, 30 (Tex.Civ.App.—Corpus Christi 1972, no writ); *Fisher v. Continental Illinois National Bank and Trust Co. of Chicago*, 424 S.W.2d 664, 671 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n. r. e.); *Roquemore v. Roquemore*, 431 S.W.2d 595, 601 (Tex.Civ.App.—Corpus Christi 1968, no writ); *Cuellar v. Cuellar*, 406 S.W.2d 510, 512 (Tex.Civ.App.—Corpus Christi 1966, no writ); *Crosby v. Heldt Bros. Trucks*, 394 S.W.2d 235, 237 (Tex.Civ.App.—San Antonio 1965, no writ).

*The Contract*

By a number of points of error, appellants assert that the contract between B. E. Griffin and Mrs. B. F. Sumner, dated the 17th day of October, 1960, is unenforceable because: (a) it is too uncertain; (b) there was no proof of execution; (c) there was no proof of delivery; (d) there was no consideration; (e) the contract lacks mutuality; (f) the contract was not effective to cover an undivided one–half interest in the 160–acre tract and was not binding on appellant; and (g) the contract is not subject to specific performance.

■ Appellants' contention that there is no proof of execution or delivery of the contract is without merit. A complete review of the record reveals there is ample evidence, documentary and otherwise, of both execution and delivery of the contract. The evidence indicates that the contract was not only executed but was executed and notarized in duplicate originals and that both Mr. Griffin and Mrs. Sumner were delivered a fully executed and acknowledged duplicate original of the contract.

■ It was appellants' burden to specifically plead and prove these defenses by pleading under oath and presenting proper proof. They did not meet this burden. Tex.R.Civ.P. 93.

Appellants' contention that the contract is without consideration is based on several premises. (a) It is a unilateral agreement which is not supported by independent consideration. (b) No obligation was imposed upon either party to purchase at any price. (c) Neither party was obligated to retain any interest in the property. (d) There is neither mutuality of obligations nor mutuality of remedies.

Appellees urge that the so–called option contract between Mr. B. E. Griffin and Mrs. B. F. Sumner is one of three instruments which must be construed together and we agree. It has long been the rule in Texas that written contracts executed in different instruments whereby a single transaction or purpose is consummated are to be taken together as one contract. *Veal v. Thomason*, 138 Tex. 341, 348, 159 S.W.2d 472, 475 (1942). Where two instruments pertain to the same transaction they will be considered together even though they do not expressly refer to each other. *Crown Western Investments, Inc. v. Mercantile Nat'l Bank at Dallas*, 504 S.W.2d 785, 788 (Tex.Civ.App.—Tyler 1974, no writ); *Parks v. Frankfurt*, 476 S.W.2d 717, 721 (Tex.Civ.App.—Beaumont 1972, writ ref'd n. r. e.). The instruments here involved pertain to the same property and consist of (1) a deed from the mother to her son, B. E. Griffin, of the entire 160–acre tract, (2) a deed by B. E. Griffin to his sister, Mrs. B. F. Sumner, of an undivided one–half interest in the 160–acre tract, and (3) the option contract between Mr. Griffin and Mrs. Sumner. A study of the three instruments together evidence an adequate legal consideration as follows: (a) a family scheme or plan to keep the 160–acre tract within the family; (b) the payment by Mrs. Sumner to her mother of the sum of $8,000 cash at the time of the conveyance of the 160–acre tract conveyed to Mr. B. E. Griffin as a part of the consideration therefor; (c) the conveyance by Mr. Griffin to Mrs. Sumner of an undivided one–half interest in the 160–acre tract as her sole and separate property; (d) a contract between the brother and sister giving to each other the right to purchase the other's interest in the 160–

acre tract in the event one of them died for the sum of $8,000; (e) a promise for a promise with an agreed consideration; and (f) mutuality of obligations and of remedies.

When the plaintiff's claim is founded upon a *written contract, defendant must plead under oath that such instrument is without consideration, or that the consideration has failed in whole or in part.* Tex. R.Civ.P. 93(j). The written contract implies *consideration and even after a sworn plea the plaintiff may offer the instrument in evidence to show prima facie his right.* The burden is on the defendant to show the alleged lack or failure of consideration. The sworn plea, therefore, merely opens the way for evidence to be offered by the defendant, rather than imposing upon the plaintiff an additional burden. 2 R. McDonald, Texas Civil Practice, § 7.35 (1970).

Clearly, appellants had the burden of proving the failure or lack of consideration. A careful review of the entire record shows that appellants presented no evidence with regard to consideration. Appellants failed to meet their burden of pleading or proving the lack or failure of consideration.

Appellants' complaints with regard to the uncertainty of the contract are two–fold: (1) the contract is uncertain as to time and method of payment and (2) the contract is uncertain as to the quantum of interest to be conveyed. We will first discuss appellants' contention that the contract is unenforceable because of lack of certainty in time and method of payment.

The consideration provided for in the contract for the conveyance of the property involved is the sum of $8,000. Appellants assert that this is not sufficiently certain as to time and method of payment and that appellees' tender of the sum of $8,000 in cash was not what the contract specified. Appellants cite and rely on such cases as *Botello v. Misener–Collins Co.*, 469 S.W.2d 793 (Tex.1971); *Bryant v. Clark*, 163 Tex. 596, 358 S.W.2d 614 (1962); *Moore v. Mohon*, 514 S.W.2d 508 (Tex.Civ.App.–Waco 1974, no writ). We do not consider these

cases as controlling or directly in point. *Bryant* is an extended term payment case in which the contract expressly provided for 15 annual installments. In *Botello*, the applicable provision of the sales contract as to provision of payment read as follows: " '2. The purchase price is $200,000.00 payable as follows: $5,000.00 cash, of which Buyer has deposited with the undersigned agent $5,000.00 as part payment, the receipt of which is hereby acknowledged by agent, EMILIO CHITO DAVILA.' " The Supreme Court held that under the contract only $5,000 of the $200,000 was to be paid in cash and the balance to be deferred for payment and receipt at some subsequent time or times, that as to the payment of $195,000 there was no agreement as to time or how that time could be determined and without such an agreement there was no contract for the court to enforce. We do not have that type of agreement in the case before us. The Supreme Court in *Botello* pointed out that Texas courts have long construed the State's statute of frauds as not requiring within the writing a statement of consideration or terms of payment, citing numerous cases.

■ To be enforceable the contract must be sufficiently certain to enable the court to determine the legal obligations of the parties thereto. *Moore v. Dilworth,* 142 Tex. 538, 542, 179 S.W.2d 940, 942 (1944). With regard to the consideration, the contract here does fix a definite sum to be paid for the land–$8,000. Appellee timely offered to pay the sum in cash and made a tender of such sum. The general rule is that where the parties have done everything else necessary to make a binding agreement for the sale of goods and services, the failure to specify a price does not leave the contract so incomplete that it cannot be enforced. The provisions of the contract which may at first appear incomplete or uncertain are often readily made clear and plain by the aid of common usage and reasonable implication of facts. *Bendalin v. Delgado,* 406 S.W.2d 897, 900 (Tex. 1966).

■ Appellants present no particular authority in support of their contention that the payment of the consideration–$8,000 in cash–is not sufficiently certain to have an enforceable contract, except cases concerning extended term payments. Appellants argue generally that this is a case of first impression in this regard. We disagree. Where the contract provides for a fixed sum but has no provision dealing with time and method of payment, the general rule is that the consideration is to be paid in cash upon the exercise of the option. *See Morris v. Ballard,* 16 F.2d 175 (D.C.Cir. 1926), annot., 49 A.L.R. 1461 (1927); *Botello v. Misener–Collins Co.,* 462 S.W.2d 100 (Tex. Civ.App.–San Antonio 1970) (Barrow, C. J., dissent) aff'd 469 S.W.2d 793 (Tex.1971); *Bleeker v. Morrison,* 458 S.W.2d 709 (Tex. Civ.App.–Eastland 1970, no writ); *Matlock v. Arend,* 63 A.2d 812 (N.J.Super.Ct.1949); *Swedish–American Nat. Bank v. Merz,* 179 N.Y.S. 600 (Sup.Ct.1919); *Taylor v. Wells,* 217 P.2d 236 (Or.1950); 68 A.L.R.2d 1221 (1959).

Appellants also contend there is a lack of certainty as to the quantum of interest. They assert that the interest to be conveyed is "the interest of the deceased party" and that such interest is not ascertainable under the evidence; the property interest owned by B. E. Griffin in the 160–acre tract was, at least presumably, community property of Griffin and his wife, Sibyl Griffin, and that, as such, the interest of the deceased was only an undivided ¼th interest in the 160–acre tract, rather than an undivided one–half interest.

The contract here involved was entered into and executed in 1960. Assuming that the property involved was community property, the pertinent provisions of the community property statute then applicable reads as follows:

Art. 4619. Community Property.–Sec. 1. All property acquired by either the husband or wife during marriage, except that which is the separate property of either, shall be deemed the common property of the husband and wife; and all the effects which the husband and wife pos-

sess at the time the marriage may be dissolved shall be regarded as common effects or gains, unless the contrary be satisfactorily proved. During coverture the common property of the husband and wife may be disposed of by the husband *only*; . . .. [Emphasis supplied] 1927 Tex.Gen.Laws, ch. 148, § 1, at 219.

It is well settled that the laws which are in existence at the time of the making of the contract enter into and become a part of such contract as if expressly referred to or incorporated therein. *Stanolind Oil & Gas Co. v. Terrell*, 183 S.W.2d 743, 744 (Tex.Civ.App.–Galveston 1944, writ ref'd n. r. e.); *Winder Bros. v. Sterling*, 118 Tex. 268, 269, 12 S.W.2d 127, 128 (1929). A substantive right conferred by the existing law constitutes a part of the agreement by implication and may not be defeated by a subsequent amendment of the law. *Click v. Seale*, 519 S.W.2d 913, 920 (Tex.Civ.App.–Austin 1975, writ ref'd n. r. e.); *Chesser v. Murphy*, 386 S.W.2d 164, 168 (Tex.Civ.App.–Houston 1965, no writ); 13 Tex.Jur.2d *Contracts* § 165 (1960); 17 C.J.S. *Contracts* § 22 (1963); 17A C.J.S. *Contracts* § 330 (1963).

In *Dipuccio v. Hanson*, 233 S.W.2d 863, 866 (Tex.Civ.App.–Galveston 1950, no writ), the court held that the husband had authority to enter into a contract for sale of community realty and the contract was subject to specific performance although not executed by the wife. The contract was dated June 11, 1949, and the court construed and applied the then applicable law as to conveyance of community property. The applicable law in that case is the operative law for the contract before us.

For a complete discussion of the Texas community property system from its inception to the present Texas Family Code, including the control and management thereof, see Williams, *Section 5.22 of the Texas Family Code: Control and Management of the Marital Estate*, 27 Sw.L.J. 837 (1973).

Although appellants have a number of no evidence points of error, there are no specific points of error attacking many of the trial court's material findings of fact. Among such findings the trial court found that it was the intent of B. E. Griffin and Mrs. B. F. Sumner that the option given to the survivor was to apply to an undivided one–half interest in the whole 160–acre tract. There is evidence to support this finding. This intent is ascertainable from the three instrument included in the record, hereinbefore discussed, pertaining to the 160–acre tract as well as other evidence of such intent. It is clear that the interest owned by Mrs. B. F. Sumner at the time of entering into the contract was an undivided one–half interest in the entire 160–acre tract, which was conveyed to her as her sole and separate property. It is only logical that the parties contemplated and entered into the contract with the intent and agreement that the interest to be conveyed by either survivor was the same interest and that the interest covered under the option contract was an undivided one–half interest in the whole 160–acre tract with the same consideration to be paid by either survivor– the sum of $8,000.

A review of the record indicates no evidence that the execution of the instrument was tainted by misrepresentation, fraud, mistake, unconscionability or overreaching on the part of appellees.

The agreement in the case before us is mutual, certain, complete and based upon a valuable consideration. The agreement constituted a valid contract for the sale of realty enforceable in equity through the remedy of specific performance.

### The Judgment

Appellants also complain that the court erred in overruling appellants' motion for judgment and in granting judgment for appellees. Their contentions and argument supporting such contentions have already been set forth, discussed and passed upon and we do not deem any further discussion in this connection necessary.

The contract in the case before us is specifically enforceable and the judgment entered by the court was proper. *See* Tex. Prob.Code Ann. § 27 (Vernon 1956).

*Conclusion*

We have concluded that: (1) the trial court had jurisdiction over the subject matter of. this cause; (2) the trial court had jurisdiction over appellant, both in her individual capacity and in her capacity as administratrix of the Estate of B. E. Griffin, Deceased; (3) the contract sued upon was a valid, enforceable contract subject to specific performance; and (4) the contract was properly executed and delivered, was supported by valid consideration, and is enforceable.

The trial court did not err in ordering specific performance of the contract under the terms and conditions set forth in the judgment. All of appellants' points of error have been considered and all are overruled.

The judgment of the trial court is affirmed.