**L.C. GARNER and Evalyn Garner, Appellants,**

v.

**Jesse REDEAUX, Appellee.**

**No. C14–82–725CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

September 27, 1984.

Edward L. Noah, Houston, for appellants.

James D. Squier, Stovall, Wilhite & Gilbreath, Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

SEARS, Justice.

On appellants' motion for rehearing, the court's opinion issued on June 28, 1984, is withdrawn and the following is substituted therefor.

Jesse Redeaux, Appellee, sued for specific performance of a written contract for the sale of land. The parties waived a jury trial, presented evidence, and the court entered judgment granting specific performance.

Appellants, the Garners, contend that: 1) the writing upon which the contract of sale is based is insufficient to satisfy the requirements of the Statute of Frauds, Tex. Bus. & Com.Code Ann. § 26.01, alleging the essential terms of the contract are not expressed in the writing; 2) that the writing is too incomplete for specific performance to have been granted; and 3) the trial court improperly awarded attorney fees under Tex.Rev.Civ.Stat.Ann. art. 2226 (Vernon Supp.1984), because appellee allegedly failed to present his claim to the appellants thirty days prior to the filing of this suit. We reject each of appellants' contentions and affirm the judgment of the trial court.

We first consider appellants' second point of error which raises the issue of whether the writing is enforceable under the Statute of Frauds. The writing to be tested under the Statute of Frauds is on the back of Appellee's cashier's check in the amount of $2,000.00 payable to the order of the Appellant, L.C. Garner. The

writing was drafted by appellant, Evalyn Garner, and appears as follows:

9–6–78

From Mr. & Mrs. Garner
Lot tract land
tract 66—Block 3
Highland Home Addition
pd this account two thousand dollars & Bal Four Thousand in payment.

The Statute of Frauds, Section 26.01, Texas Business and Commerce Annotated, provides in part as follows:

(a) A promise or agreement described in Subsection (b) of this section is not enforceable unless the promise or agreement, or a memorandum of it, is

(1) in writing; and

(2) signed by the person to be charged or by someone lawfully authorized to sign for him.

(b) Subsection (a) of this section applies to:

(4) a contract for the sale of real estate; ...

A commission of appeals opinion adopted by the supreme court, *Osborne v. Moore*, 112 Tex. 361, 247 S.W. 498 (1923), explains the requirements of the statute as follows:

"It is the general rule that, to constitute compliance with the provisions of this statute, the writing, whether a formal contract or a mere memorandum, must contain the essential terms of a contract, expressed with such certainty that it may be understood without recourse to parol evidence to show the intention of the parties. *Jones v. Carver*, 59 Tex. 293, 295; 25 R.C.L. p. 645, § 276; 20 Cyc. p. 258. This rule, however, as construed by our Supreme Court, does not require that the writing shall contain all the stipulations agreed to by the parties, and the writing will be deemed sufficient in a suit against the seller for specific performance, if it be signed by him and show an agreement to sell or convey the particular land involved in the suit. *Morrison v. Dailey* (Tex.Sup.). 6 S.W. 426."

See also *Cohen v. McCutchin*, 565 S.W.2d 230, 232 (Tex.1978).

■ The writing in this case is signed by one of the parties to be charged, Evalyn Garner, and there is evidence that the other appellant, L.C. Garner, ratified the agreement by acceptance of a payment under the agreement and by signing a receipt given for one of the subsequent payments. See *Little v. Clark*, 592 S.W.2d 61, 63 (Tex.Civ. App.—Fort Worth 1980, writ ref'd n.r.e.). The writing in this case is not insufficient because it does not specifically set out the terms of payment. Texas courts have long construed the statute of frauds as not requiring within the writing a statement of consideration or terms of payment. *Botello v. Misener—Collins Company*, 469 S.W.2d 793, 794 (Tex.1971). The controversy in this appeal centers around the requirements that the writing express an agreement to convey real property and that the real property which is the subject of the agreement be adequately described in the writing.

■ The first issue to be addressed is whether the writing expresses an agreement to convey real property. The writing in this case does not contain an express promise to convey land, but we believe that such a promise is reasonably inferred from the language of the writing. It is clear from the property description contained in the writing that the subject of the transaction between the parties is real property, but the writing does not specify whether it concerns the sale or lease of the property. We infer that the parties intended an agreement to sell the property because the language used in the writing is more consistent with a sale agreement than with a lease agreement. First, the writing states "From Mr. and Mrs. Garner". The object of the preposition "from" is the property. Further, we find the use of the word "paid" in conjunction with the word "balance" in the writing implies an agreement for the sale of property on credit with a certain amount paid as a downpayment with a balance still owing. Language of this kind is unnatural to a lease agreement especially when the writing does not state a time period for the lease. We find the

writing sufficiently expresses an agreement to convey real property to satisfy the statute of frauds.

We next consider whether the writing adequately describes the property. The writing must furnish within itself the means or data by which the particular land to be conveyed may be identified with reasonable certainty. *Wilson v. Fisher*, 144 Tex. 53, 188 S.W.2d 150, 152 (1945); *Jones v. Kelley*, 614 S.W.2d 95 (Tex.1981).

■ The description contained in the writing states all the data necessary to identify the property to be conveyed except for the county and state of the property. The trial court, after taking judicial notice that the Highland Home Addition is located in Harris County, Texas, found the description to be adequate. However, we believe that it was improper for the trial court to complete the property description through judicial notice because the location of the Highland Home Addition is not a matter of common knowledge in the community. *Harper v. Killion*, 345 S.W.2d 309 (Tex. Civ.App.—Texarkana 1961, no writ).

■ Ordinarily, a description which fails to include the county and state of the property would not suffice under the Statute of Frauds. *Osborne v. Moore*, 247 S.W.2d at 499. We recognize that parol evidence cannot be used to supply the county and state of the description, *Wilson v. Fisher*, 188 S.W.2d at 152, but it may be used to show the circumstances before and after the agreement from which the county and state of the property may be inferred. *Miller v. Hodges*, 260 S.W.2d 168, 170 (Tex. Comm'n App.1924, judgmt adopted); *Ehlers v. Delhi-Taylor Oil Corp.*, 350 S.W.2d 567, 1961, no writ). In *Miller*, 260 S.W. at 170 the Commission of Appeals expressed this principle as follows:

"The gravamen of plaintiffs' contention is that the description is insufficient and the lease by the Millers was inoperative to pass the legal title to the minerals because the state and county where the lands are situated are not given. It may be stated, we think, as a well-settled proposition that if the deed or written instrument furnishes other sufficient means of identifying the property conveyed, the failure to state the town, county, or state where the same is situated will not make the instrument void or inoperative. *Flegel v. Dowling*, 54 Or. 40, 102 Pac. 178, 135 Am.St.Rep. 815, 19 Ann.Cas. 1159, and many cases cited. The courts of other states have held that location of the land may be inferred from the residence of the grantor, the place of the acknowledgment, and the place of the filing and recording of the instrument, when these are consistent with the true facts as to the ownership of the property. *Garden City Sand Co. v. Miller*, 157 Ill. 225, 41 N.E. 753; *Smith v. Clifford*, 99 Ind. 113; *Bryan v. School*, 109 Ind. 367, 10 N.E. 107. This is clearly the tendency of decision in this state. *Langham v. Gray* (Tex.Civ.App.) 227 S.W. 741, and the cases cited; *Petty v. Wilkins*, (Tex.Civ.App.) 190 S.W. 531. . . . When all the circumstance of possession, ownership, situation of the parties, and their relations to each other and the property, as they were when the negotiations took place and the writing made are disclosed, if the meaning and application of the writing, read in the light of those circumstances, are certain and plain, the parties will be bound by it as a sufficient written contract or memorandum of their agreement."

■ The evidence in this case shows that at the time of the sale of the land the Garners were owners of property with the following legal description:

Lot, Tract or parcel of land described as Tract 66, Block 3, Highland Home Addition out of L.E. Norton Survey Abst. 1643, Harris County, Texas

The description given in the writing on which appellee bases his claim is:

Lot Tract land, Tract 66—Block 3 Highland Home Addition.

The similarity in the descriptions leaves little doubt that the property which the Garners were describing in the writing was the property which they owned in Harris

County, Texas. The evidence also reflects that at the time of the negotiations both appellee and appellants were residents of Harris County. Appellee testified that his purpose in purchasing the land was to obtain a place for keeping hogs. We infer from the ownership of the property and the situation of the parties at the time the agreement was negotiated that the property intended to be conveyed was located in Harris County, Texas.

Another principle of law applied by the court in *Miller v. Hodges*, 260 S.W. 168, 171 (1924), to determine the county and state of the property described was:

> "... if the words used in the description of a deed are uncertain, resort may be had to the construction given them by the parties themselves, and where they have given the same a practical construction and made them applicable to certain property, this will be a strong circumstance in ascertaining their intention. See 18 C.J. 279, and authorities cited."

The court found in *Miller*, 260 S.W. at 171 that through the following actions the parties construed the property description in the writings to apply to land located in Palo Pinto County, Texas: (1) that the plaintiffs as lessors of an oil and gas lease admitted that they accepted rent for two years believing that the same applied to lands located in Palo Pinto County, Texas; and (2) the trial court found that the defendants as lessees had gone on these lands and selected a place for drilling.

The practical construction given by the parties to the property description in this case is that it applies to the property contested in this suit which is located in Harris county, Texas. Appellants admitted that they received payments from the appellee with the knowledge that they applied to the property in controversy. Appellee also took possession of the property shortly after the date specified in the writing.

All of the facts and circumstances before and after the agreement justify the inference that the property described in the writing is located in Harris County, Texas. The description in the writing, along with

this inference, identifies the property with certainty and fulfills all the requirements of the statute of frauds.

Appellants contend the writing is not "Lot Tract land", but is "Lot Tract 1 and". While we find the writing to be less than perfect, we do not find an ambiguity. There is nothing in the record to indicate appellants own a "Lot Tract 1".

Point of error two is overruled.

■ Appellants argue under their first and third points of error that the trial court erred in granting specific performance because the writing did not contain all the essential terms. It is the agreement of the parties, not the writing, which must be complete in its essential terms to be specifically enforceable. *Bryant v. Clark*, 163 Tex. 596, 358 S.W.2d 614 (Tex.1962); *Botello v. Misener-Collins Company*, 469 S.W.2d 793 (Tex.1971). In this case the writing expresses only part of the agreement. The agreement as established through the writing and testimony is sufficiently complete to award specific performance.

■ Appellant asserts that the parol evidence rule excludes consideration of the testimony in determining the agreement. However, this writing falls within an exception to the parol evidence rule.

> If * * * the instrument appears, as read in the light of the surrounding circumstances to be intended, not as a complete and all-inclusive embodiment of the terms relating to the subject matter of the instrument, but as a professedly partial or incomplete memorial or memorandum, then it may be supplemented by proof of other oral or written terms outside the document. Such is the case where the instrument itself refers to terms or understandings not embraced in its provisions, or *where the instrument is a mere skeleton note or reminder obviously not designed to be complete* .... *McCormick & Ray*, 2 Texas Law of Evidence Sec. 1611, P. 451. (emphasis added)

*Allstate Insurance Co. v. Furr*, 449 S.W.2d 295, 301 (Tex.Civ.App.—Amarillo

1969, writ ref'd n.r.e.). *See also Coleman v. Forister*, 514 S.W.2d 899, 903 (Tex.1974). The writing was written by hand on the back of a cashier's check. We conclude that it was not intended as a complete embodiment of the agreement between the parties. We hold that the trial court properly considered parol evidence in determining the agreement. Points of error one and three are overruled.

Appellants contend in point of error four that the trial court erred in awarding attorney fees to the appellee under Tex.Rev.Civ.Stat.Ann. art. 2226 (Vernon Supp.1984). They contend the appellee did not offer evidence that he presented his claim to the appellants thirty days prior to the filing of his suit as required by article 2226. In *Jones v. Kelley*, 614 S.W.2d 95, 100 (Tex.1981), the Supreme Court held that both oral and written demands met the presentment requirements of article 2226. In this case the evidence shows that the appellee properly made a written demand for delivery of the deed to the land in controversy more than thirty days prior to filing the lawsuit. We affirm the trial court's award of attorney fees to the appellee, and we overrule point of error four.

The judgment of the trial court is affirmed.