COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-01-385-CV
 
MILLENNIUM PROPERTIES
&                                                            
APPELLANT
DEVELOPMENT, INC. D/B/A
MILLENNIUM HOME BUILDERS
V.
DYANA M.
LEE                                                                                
APPELLEE
------------
FROM THE 393
RD
DISTRICT COURT OF DENTON COUNTY
------------
MEMORANDUM
OPINION(1)
------------
Millennium Properties and Development, Inc., d/b/a Millennium Home Builders,
appeals from a summary judgment for Dyana M. Lee. We will affirm.
In December 1999, Lee contracted to purchase from Millennium a real estate
lot and home for $184,560. Paragraph 1 of the contract required Lee to pay a
$1,000 nonrefundable deposit, and provided that the remaining payment terms,
such as the amount to be paid upon loan approval and the amount to be paid in
cash at closing, were "to be determined." The unpaid balance of the
purchase price was due at closing "as provided in Paragraph 1."
Lee paid $10,000 in earnest money to the title company and another $1,900
directly to Millennium. In December 1999 and February 2000, she signed two
change orders that increased the purchase price to $200,411. On March 27, 2000,
however, Lee terminated the parties' relationship and requested the return of
her earnest money and deposits, contending, among other things, that the
contract was unenforceable.
Lee filed suit on April 10, 2000, asserting that the contract violated the
statute of frauds and was otherwise unenforceable. In February 2001, Lee moved
for summary judgment on her claims on the following grounds: (1) the contract
was not enforceable because it violated the statute of frauds, constituted an
agreement to agree in the future, and was otherwise unenforceable for lack of
material terms; (2) Millennium did not deliver the property at closing as agreed
because a retaining wall had been added that Lee had not approved; and (3)
Millennium did not tender to Lee a title policy showing clear title to the
property. The trial court granted Lee summary judgment, ruling that there was no
contract between the parties and/or that the contract was unenforceable as a
matter of law.
In a summary judgment case, the issue on appeal is whether the movant has met
her summary judgment burden by establishing that no genuine issue of material
fact exists and that the movant is entitled to judgment as a matter of law. Tex.
R. Civ. P. 166a(c); KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.,
988 S.W.2d 746, 748 (Tex. 1999); City of Houston v. Clear Creek Basin Auth.,
589 S.W.2d 671, 678 (Tex. 1979). A summary judgment may be based on the
uncontroverted testimonial evidence of an interested witness if the evidence is
clear, positive and direct, otherwise credible and free from contradictions and
inconsistencies, and could have been readily controverted. Tex. R. Civ. P.
166a(c); Trico Techs. Corp. v. Montiel, 949 S.W.2d 308, 310 (Tex.
1997).
In its first point on appeal, Millennium contends that the trial court erred
in granting Lee summary judgment on the grounds that there was no contract
between the parties and/or that the contract was unenforceable as a matter of
law.
The statute of frauds provides that a contract for the sale of real estate is
not enforceable unless it is in writing and signed by the person to be charged
with the agreement. Tex. Bus. & Com. Code Ann. § 26.01(a), (b)(4) (Vernon
2002). To comply with this statute, the writing must contain the essential terms
of the contract, expressed with such certainty that they may be understood
without resorting to oral testimony. Cohen v. McCutchin, 565 S.W.2d
230, 232 (Tex. 1978); Garner v. Redeaux, 678 S.W.2d 124, 126 (Tex.
App.--Houston [14th Dist.] 1984, writ ref'd n.r.e.). The statute of
frauds does not, however, require that the writing contain a statement of
consideration or terms of payment. Botello v. Misener-Collins Co., 469
S.W.2d 793, 794 (Tex. 1971); Garner, 678 S.W.2d at 126. Instead, the
parties to a contract are allowed to put on evidence of an oral agreement
concerning payment terms. Botello, 469 S.W.2d at 795.
Here, the parties' written contract, as modified by the change orders,
provided that the remainder of the $200,411 purchase price was due at closing
and was payable in terms that were to be determined by the parties. The
indefiniteness of the payment terms in the written contract itself did not
render the contract in violation of the statute of frauds or otherwise
unenforceable; rather, either Millennium or Lee could have put on evidence
concerning what the parties had agreed that the payment terms would be.
Millennium stated by affidavit that "[a]ll terms, conditions, promises,
and agreements between [the parties] relating to the sale of the subject
property . . . are set forth in the Agreement." Thus, Millennium did not
present any evidence that the parties had agreed regarding payment terms or as
to what those terms were. Lee stated by affidavit that she had never reached an
agreement with Millennium regarding the items marked "to be
determined" and had never agreed to the terms of financing or to the form
of payment that would be made for the property. This evidence is uncontroverted
and meets the requirements of rule 166a(c). Tex. R. Civ. P. 166a(c).
Without an agreement between the parties about how the purchase price was to
be paid, the summary judgment evidence establishes as a matter of law that the
contract was too indefinite to enforce. Therefore, summary judgment for Lee was
proper. See Botello, 469 S.W.2d at 795 (holding that, where there was
no evidence of an agreement concerning terms of payment of remaining $195,000 of
$200,000 purchase price, or how payment terms could be determined, summary
judgment denying specific performance and damages for breach of contract was
proper); see also Guzman v. Acuna, 653 S.W.2d 315, 319 (Tex. App.--San
Antonio 1983, writ dism'd) (holding that, where handwritten terms concerning
mode of payment and calculation and payment of interest were illegible, and
parties agreed that written contract was entire agreement between them, trial
court properly held that contract was unenforceable due to indefiniteness). We
overrule Millennium's first point.(2)
In its second point, Millennium complains that the trial court improperly
overruled three of Millennium's objections to Lee's affidavit. Millennium
objected to Lee's entire affidavit on the basis that it violated the parol
evidence rule. The parol evidence rule is a rule of substantive law which
provides that, in the absence of fraud, accident, or mistake, extrinsic evidence
is not admissible to vary, add to, or contradict the terms of a written
instrument that is facially complete and unambiguous. Nat'l Union Fire Ins.
Co. v. CBI Indus., Inc., 907 S.W.2d 517, 521 (Tex. 1995); Hubacek v.
Ennis State Bank, 159 Tex. 166, 317 S.W.2d 30, 31 (1958); Hayes v.
Rinehart, 65 S.W.3d 286, 288 (Tex. App.--Eastland 2001, no pet.). The
contract in this case is not facially complete because it does not contain
payment terms. In addition, the portions of Lee's affidavit that we have
considered do not vary, add to, or contradict the contract's written terms, and
we have noted that the admission of parol evidence regarding payment terms is
proper. Accordingly, the trial court did not err by overruling Millennium's
parol evidence objection with regard to these statements. We overrule
Millennium's second point and affirm the trial court's judgment.(3)
 
                                                                               
JOHN CAYCE
                                                                               
CHIEF JUSTICE
 
PANEL A: CAYCE, C.J.; DAY and GARDNER, JJ.
 
[Delivered February 20, 2003]

1. See Tex. R. App. P. 47.4.
2. In light of our holding that the trial court properly
granted summary judgment on the basis that the contract was unenforceable, we
need not address Millennium's remaining arguments under point one. Tex. R. App.
P. 47.1.
3. We need not address whether the trial court properly
overruled Millennium's objections to two other statements in Lee's affidavit,
because we did not consider those statements in determining whether summary
judgment for Lee was proper. Tex. R. App. P. 47.1.