Millennium Properties v. Lee

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-01-385-CV

MILLENNIUM PROPERTIES & APPELLANT

DEVELOPMENT, INC. D/B/A 

MILLENNIUM HOME BUILDERS

V.

DYANA M. LEE APPELLEE

------------

FROM THE 393
RD
 DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Millennium Properties and Development, Inc., d/b/a Millennium Home Builders, appeals from a summary judgment for Dyana M. Lee.  We will affirm.

In December 1999, Lee contracted to purchase from Millennium a real estate lot and home for $184,560.  Paragraph 1 of the contract required Lee to pay a $1,000 nonrefundable deposit, and provided that the remaining payment terms, such as the amount to be paid upon loan approval and the amount to be paid in cash at closing, were “to be determined.”  The unpaid balance of the purchase price was due at closing “as provided in Paragraph 1.”

Lee paid $10,000 in earnest money to the title company and another $1,900 directly to Millennium.  In December 1999 and February 2000, she signed two change orders that increased the purchase price to $200,411.  On March 27, 2000, however, Lee terminated the parties’ relationship and requested the return of her earnest money and deposits, contending, among other things, that the contract was unenforceable.  

Lee filed suit on April 10, 2000, asserting that the contract violated the statute of frauds and was otherwise unenforceable.  In February 2001, Lee moved for summary judgment on her claims on the following grounds:  (1) the contract was not enforceable because it violated the statute of frauds, constituted an agreement to agree in the future, and was otherwise unenforceable for lack of material terms; (2) Millennium did not deliver the property at closing as agreed because a retaining wall had been added that Lee had not approved; and (3) Millennium did not tender to Lee a title policy showing clear title to the property.  The trial court granted Lee summary judgment, ruling that there was no contract between the parties and/or that the contract was unenforceable as a matter of law. 

In a summary judgment case, the issue on appeal is whether the movant has met her summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  
Tex. R. Civ. P.
 166a(c); 
KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.
, 988 S.W.2d 746, 748 (Tex. 1999); 
City of Houston v. Clear Creek Basin Auth.
, 589 S.W.2d 671, 678 (Tex. 1979).
  A summary judgment may be based on the uncontroverted testimonial evidence of an interested witness if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted.  
Tex. R. Civ. P.
 166a(c); 
Trico Techs. Corp. v. Montiel,
 949 S.W.2d 308, 310 (Tex. 1997).

In its first point on appeal, Millennium contends that the trial court erred in granting Lee summary judgment on the grounds that there was no contract between the parties and/or that the contract was unenforceable as a matter of law.  

The statute of frauds provides that a contract for the sale of real estate is not enforceable unless it is in writing and signed by the person to be charged with the agreement.  
Tex. Bus. & Com. Code Ann. 
§ 26.01(a), (b)(4) (Vernon 2002).  To comply with this statute, the writing must contain the essential terms of the contract, expressed with such certainty that they may be understood without resorting to oral testimony.  
Cohen v. McCutchin,
 565 S.W.2d 230, 232 (Tex. 1978); 
Garner v. Redeaux,
 678 S.W.2d 124, 126 (Tex. App.—Houston [14
th
 Dist.] 1984, writ ref’d n.r.e.).  The statute of frauds does not, however, require that the writing contain a statement of consideration or terms of payment.  
Botello v. Misener-Collins Co.,
 469 S.W.2d 793, 794 (Tex. 1971); 
Garner,
 678 S.W.2d at 126.  Instead, the parties to a contract are allowed to put on evidence of an oral agreement concerning payment terms.  
Botello,
 469 S.W.2d at 795.

Here, the parties’ written contract, as modified by the change orders, provided that the remainder of the $200,411 purchase price was due at closing and was payable in terms that were to be determined by the parties.  The indefiniteness of the payment terms in the written contract itself did not render the contract in violation of the statute of frauds or otherwise unenforceable; rather, either Millennium or Lee could have put on evidence concerning what the parties had agreed that the payment terms would be.

Millennium stated by affidavit that “[a]ll terms, conditions, promises, and agreements between [the parties] relating to the sale of the subject property . . . are set forth in the Agreement.”  Thus, Millennium did not present any evidence that the parties had agreed regarding payment terms or as to what those terms were.  Lee stated by affidavit that she had never reached an agreement with Millennium regarding the items marked “to be determined” and had never agreed to the terms of financing or to the form of payment that would be made for the property.  This evidence is uncontroverted and meets the requirements of rule 166a(c).  
Tex. R. Civ. P. 
166a(c).

Without an agreement between the parties about how the purchase price was to be paid, the summary judgment evidence establishes as a matter of law that the contract was too indefinite to enforce.  Therefore, summary judgment for Lee was proper.  
See Botello,
 469 S.W.2d at 795 (holding that, where there was no evidence of an agreement concerning terms of payment of remaining $195,000 of $200,000 purchase price, or how payment terms could be determined, summary judgment denying specific performance and damages for breach of contract was proper); 
see also Guzman v. Acuna,
 653 S.W.2d 315, 319 (Tex. App.—San Antonio 1983, writ dism’d) (holding that, where handwritten terms concerning mode of payment and calculation and payment of interest were illegible, and parties agreed that written contract was entire agreement between them, trial court properly held that contract was unenforceable due to indefiniteness).  We overrule Millennium’s first point.
(footnote: 2)
 In its second point, Millennium complains that the trial court improperly overruled three of Millennium’s objections to Lee’s affidavit.  Millennium objected to Lee’s entire affidavit on the basis that it violated the parol evidence rule.  The parol evidence rule is a rule of substantive law which provides that, in the absence of fraud, accident, or mistake, extrinsic evidence is not admissible to vary, add to, or contradict the terms of a written instrument that is facially complete and unambiguous.  
Nat’l Union Fire Ins. Co. v. CBI Indus., Inc.,
 907 S.W.2d 517, 521 (Tex. 1995); 
Hubacek v. Ennis State Bank,
 159 Tex. 166, 317 S.W.2d 30, 31 (1958); 
Hayes v. Rinehart,
 65 S.W.3d 286, 288 (Tex. App.—Eastland 2001, no pet.).  The contract in this case is not facially complete because it does not contain payment terms.  In addition, the portions of Lee’s affidavit that we have considered do not vary, add to, or contradict the contract’s written terms, and we have noted that the admission of parol evidence regarding payment terms is proper.  Accordingly, the trial court did not err by overruling Millennium’s parol evidence objection with regard to these statements.  We overrule Millennium’s second point and affirm the trial court’s judgment.
(footnote: 3)

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; DAY and GARDNER, JJ.

[Delivered February 20, 2003]

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
In light of our holding that the trial court properly granted summary judgment on the basis that the contract was unenforceable, we need not address Millennium’s remaining arguments under point one.  
Tex. R. App. P.
 47.1.

3:
We need not address whether the trial court properly overruled Millennium’s objections to two other statements in Lee’s affidavit, because we did not consider those statements in determining whether summary judgment for Lee was proper.  
Tex. R. App. P.
 47.1.