Wilford A. WEBER, et al., Appellant,

v.

Joy FRENCH, et ux., Appellee.

No. A2804.

Court of Appeals of Texas,
Houston (14th Dist.).

June 3, 1982.

James F. Tyson, Houston, for appellant.

Larry Hausler, Rolston & Hausler, Walter Schroeder, Rolston & Hausler, Timothy E. McKenna, Bass & McKenna, Houston, for appellee.

Before J. CURTISS BROWN, C. J., and JUNELL and PRICE, JJ.

J. CURTISS BROWN, Chief Justice.

This is an appeal from a judgment entered against appellant for monies due under a residential construction agreement. The questions presented are (1) whether the trial court abused its discretion in denying several requests of appellants for leave to amend their answer during a lengthy recess in the proceedings, (2) whether the agreement of the parties was ambiguous concerning the requirement of a writing for additional work, and (3) whether this is a proper case for the awarding of prejudgment interest. We reverse and remand for abuse of discretion by the trial court in refusing to allow appellants to amend their answer.

In November, 1976, Dr. and Mrs. Wilford Weber (Webers or appellants) entered into a contract with Joy French (French or appellee) to remodel their residence. Two separate instruments, a Builder's and Mechanic's Lien Contract and a note, were executed at the same time. The contract between the parties contemplated French would perform the remodeling and receive in return an amount to cover all costs plus 15% of that amount for overhead and profit.

The initial estimate for the work was $51,500.00. French claims to be due approximately $75,000.00 under the agreement. The Webers paid $55,500.00, but, upon demand for the balance of about $19,-000.00, refused additional payment.

The Webers felt they had paid an amount, greater than the estimate, which covered the value of materials and labor they had received. They contend they have been charged for some items erroneously, that some charges to them were caused by the negligence of French or her agents and subcontractors, and that they are entitled to a credit or offset because the performance was not conducted in a good and workmanlike manner. French basically contends the charges over and above the estimate were

due to both changes in the initial plan requested by the Webers and extra items which were requested and performed but were not included in the initial scope of the project.

Upon the refusal of the Webers to pay the demanded amount, French filed this suit in 1977 to recover $18,979.70 plus attorneys' fees and prejudgment interest. The Webers filed an original answer consisting of a general denial. The case was called to trial before the court on July 11, 1980. The day before, the Webers sought to amend their pleadings. The first amended answer contained allegations that French had not completed a portion of the work agreed upon and had not performed a portion of the work in a good and workmanlike manner. Therefore, the Webers were caused to incur expenses to complete the remodeling per the contract. These allegations were pled as affirmative defenses and alternatively as counterclaims. The motion to amend was denied by the trial court.

Upon completion of the first day of the trial, the proceedings were reset for August 11, 1980 due to other obligations of the court. The proceedings were reset several more times before the case was finally tried to completion in January, 1981. During this period the Webers sought leave to amend their pleading at least three times. These requests involved two additional amended answers which added the affirmative defense of ambiguity to the matters contained in the first amended answer.

When the trial resumed, a total of 184 days later, certain testimony was excluded as not raised by the general denial. This was primarily testimony from Thomas H. Stevenson (Stevenson), an expert witness called by the Webers. Stevenson was the contractor hired to complete the remodeling and conform the work performed by French to a standard the Webers felt was acceptable.

The court granted French a judgment in the amount of $11,709.28 plus $2489.64 prejudgment interest and $2400.00 attorneys' fees. No findings of fact or conclusions of law were requested or filed. The Webers perfected appeal to this Court.

It is apparent from the record and acknowledged by counsel for both parties in oral arguments that the trial judge attempted throughout the proceedings to make rulings on the admissibility of evidence consistent with his rulings on the requested amendments to appellants' answer. He allowed evidence he felt was raised under the general denial and excluded evidence he felt should be supported by additional pleadings.

Tex.R.Civ.P. 63, authorizes amendments to pleadings without leave of court when filed seven days or more before the date of the trial. Leave, granted by the judge, is required to amend thereafter. The rule directs the judge to grant such leave unless there is a showing that the trial amendment would operate as a surprise to the opposite party. There is some argument in this case concerning whether the first attempt of appellants to amend their pleading falls under Rule 63 or is a trial amendment. "Trial amendments are alterations in or additions to the pleadings permitted to correct errors or supply omissions discovered *immediately before* or during the trial." (Emphasis added.) 2 R. McDonald *Texas Civil Practice* § 8.07 at 327 (1970). Assuming for the sake of argument that the denial of the first attempt to amend was within the discretion of the trial court under Rule 63 as constituting a surprise to appellee, we shall consider the requests for trial amendments during the lengthy recess.

■ Tex.R.Civ.P. 66, concerning trial amendments states:

> If evidence is objected to at the trial on the ground that it is not within the issues made by the pleading, ... the court may allow the pleadings to be amended and *shall do so feely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the allowance of such amendment would prejudice him in maintaining his action or a defense upon the merits.* The court may grant a postponement to enable the objecting party

to meet such evidence. (Emphasis added.)

The proceedings were recessed a total of 184 days between the first and second days of the trial. During this recess appellant requested leave to file a trial amendment numerous times. We fail to see how the allowance of a trial amendment during the lengthy recess could have surprised appellee under the circumstances. The length of the recess provided adequate time for appellee to prepare to meet any additional issues that would have arisen under the requested pleadings. We therefore hold the refusal to grant appellants leave to file the requested trial amendments constituted an abuse of discretion by the trial judge. Appellant's second point of error is sustained.

In view of this holding we must reverse the judgment of the trial court and remand the cause for a new trial. It is thus not necessary that we decide the issue presented in appellants' first point of error concerning the excluded evidence. We are confident that if the amendment had been allowed the testimony would have been admitted. It is also not necessary that we address appellant's third point of error which complains of the trial court's failure to grant a mistrial for essentially the same error complained of in the second point of error which we have sustained.

Appellant's fourth point of error contends the trial court erred in awarding damages to appellee for extra work not originally included in the agreement between the parties. The Builder's and Mechanic's Lien Contract (B. & M.L.C.) executed at the same time as the construction contract between the parties for the remodeling provided:

No alterations shall be made in the work shown or described by the plans and specifications, nor shall any extra work or material be charged or paid for, unless a separate estimate therefor is submitted in writing by Party of the Second Part [French] to said Parties of the First Part [Webers] and agreed to in writing by them before its commencement; and all extra work done or material furnished without such agreement shall be considered as performed under the original contract and no extra pay shall then be demanded or allowed therefor, and all extra work done and extra material so agreed to and furnished shall be paid for in cash upon completion.

A handwritten notation below that paragraph reads "changes and additions to job as per decisions by owners to be billed as extra charges to contract." The signature of both parties appear below the notation.

When a single transaction encompasses multiple written agreements they are to be taken together as one contract even if they do not expressly refer to each other. *Estate of Griffin v. Sumner*, 604 S.W.2d 221 (Tex.Civ.App.—San Antonio 1980, writ ref'd n. r. e.). We agree with the argument of appellant that the construction contract and the B. & M.L.C. should be construed as one agreement according to the rule cited above. We hold the printed and handwritten portions of the B. & M.L.C. cited above constitute an ambiguity. There is no conclusive indication that the printed portion is to be deleted. However, when read together the two provisions do not clearly indicate the intent of the parties with respect to the requirement of a writing for additional work.

In a new trial parol evidence of the intent of the parties would be allowable on the issue of the terms of the agreement relating to changed or additional items as long as pleading sufficient to raise the issue is on file. Otherwise, rules of construction could be utilized by the trial court to determine the intent of the parties.

Appellant's fifth point of error complains of the trial court's award of prejudgment interest. It is well settled in Texas that such an award may be predicated on a prayer for general relief where a written contract ascertaining a certain sum payable on a date prior to judgment is plead and proved. *Republic National Bank v. Northwest National Bank*, 578 S.W.2d 109, 116–117 (Tex.1978). We hold this case would be a proper one for the awarding of prejudgment interest at the rate of 6% under Tex.

Rev.Civ.Stat.Ann. art. 5069–1.03 (Vernon Supp. 1980–1981), providing appellants sustain their burden of proof.

The judgment of the trial court is reversed and the cause is remanded for a new trial.